Commonwealth *v.* Curley, Appellant.

Argued March 16, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUN-THER, J., absent).

*Stephen J. McEwen, Jr.,* with him *Stephen J. Mc-Ewen,* and *McEwen and McEwen,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *J. Harold Hughes,* First Assistant District Attorney, and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 10, 1959:

Defendant was charged with violation of The Vehicle Code, Act of May 1, 1929, P. L. 905, §903, as amended, 75 PS §453, in operating a tractor-trailer on a route known as the Industrial Highway, in Delaware County, Pennsylvania, with a total weight load in excess of that permitted by statute. On summary conviction before a magistrate, defendant's vehicles were

found to be 16,760 pounds over weight; and a fine of $1,650 was imposed. Defendant appealed to the Court of Quarter Sessions of Delaware County. The court heard the case de novo, found defendant guilty, and sentenced him to pay a fine of $1,650 and costs. Defendant appealed to this Court.

Defendant admits the tractor-trailer driven by him was 16,760 pounds over the weights permitted in section 903 of The Vehicle Code, 75 PS §453. His defense, however, was that he had secured a "Special Hauling Permit" from the Department of Highways under section 905 of The Vehicle Code, as amended, 75 PS §455. It is undisputed on the record that at the time of the arrest defendant was operating a Mack tractor bearing license No. 3360 and a Brunswick trailer with license No. 9696 GA. The special hauling permit which defendant secured from the Pennsylvania Department of Highways, as issued, covered a tractor bearing license No. 3355 MD, and a semi-trailer with license No. 9697 GA, both registered in the State of Maryland.

Defendant admitted, and it is not controverted, that the license numbers of the tractor and semi-trailer he was driving at the time of the arrest did not correspond to those designated in the permit. However, defendant attempted to show that the vehicles driven were practically identical in size and weight with those named in the permit. The court received this evidence over the Commonwealth's objection. It further appeared that the route defendant was driving was not that authorized in the permit. However, the court below, in finding defendant guilty, did not rely on the fact that defendant drove an unauthorized route.

The court found that defendant was operating vehicles not covered by the special permit and therefore could not rely on the permit. Aside from the permit,

defendant was limited by statute to a total weight of 60,000 pounds. On the uncontradicted evidence, the weight of the vehicles operated totaled 76,760 pounds. On the basis of this overweight, the court imposed a fine of $1,650.

Defendant asserts that the Court of Quarter Sessions of Delaware County erred, as a matter of law, in holding the special permit invalid where the vehicles used were the same type vehicles as those designated in the permit although carrying different license plates. In the enactment of sections 903 and 905, the intent of the Legislature seems clear. As stated in *Com. v. Burall*, 146 Pa. Superior Ct. 525, 529, 22 A. 2d 619, 622: "The purpose of statutes prohibiting the use of public highways by motor vehicles of excessive weight is to prevent injury to the public property in the form of damage to roads, bridges, etc., and further to insure the safety of persons traveling such highways. See Commonwealth v. Peacock, 118 Pa. Superior Ct. 168, 175, 179 A. 907; . . ." See, also, *W. J. Dillner Transfer Company v. Messner*, 371 Pa. 356, 359, 89 A. 2d 516.

Sections 903 and 905 must be given a reasonable construction consistent with the general purposes of the statute. A party defending a charge of excessive weight on the ground of a special permit issued under section 905 must bring himself within the terms of the permit. The language of section 905 is comprehensive; it authorizes exceptions to the overweight section (§903) in specific instances and under circumstances which are set out with particularity. Section 905(a) authorizes the Secretary of Highways to issue a special permit "authorizing the applicant to operate or move either a vehicle or combination of vehicles, or a vehicle and load, or a combination of vehicles and their load or loads, of a size or weight exceeding the maxi-

mum specified in this act . . ." Further, section 905
(a) states that "Every such permit shall be issued for
a single trip, and shall designate the route to be trav-
ersed, . . ." It is no defense to set up substantial com-
pliance with the special permit or to urge that the ve-
hicles and loads were similar to those authorized in
the permit. Such an interpretation of the statute
would introduce many extraneous issues and would
render the law incapable of enforcement. Under the
admitted facts of record defendant failed completely
to show compliance with the special permit issued un-
der section 905. This is not a case involving a clerical
error in some immaterial detail in connection with the
issuance of the permit.

The evidence and the admitted facts clearly support
the finding of guilty by the court below. The construc-
tion of the statute (§905) urged by the defendant can-
not be adopted as permissible or reasonable.

The judgment of sentence is affirmed.