## Commonwealth v. Musselman

*Alan D. Williams, Jr.*, for Commonwealth.

*William E. Eimer*, for defendant.

FULLAM, J., April 26, 1963.—Defendant has appealed from his summary conviction of a violation of section 903 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §903, resulting in the imposition of a fine of $1,455 for operating a tractor-trailer vehicle which was 14,990 pounds overweight.

It is conceded that defendant had in his possession a valid excess-weight permit issued pursuant to section 905 of The Vehicle Code; that this permit covered the vehicle then being operated by defendant; that defendant was operating the vehicle on the route specified in the permit; and that the total weight of defendant's

vehicle was considerably less than the maximum specified in the permit. However, it is the contention of the Commonwealth that defendant at the time of his arrest was violating the following provision of the permit:

"6. Movements under permit are limited to the hours of daylight."

The alleged violation occurred between 5:10 and 5:15 p.m. on December 13, 1962. Defendant contends that it was still daylight, while the Commonwealth contends that it was not.

As stated in Commonwealth v. Curley, 189 Pa. Superior Ct. 506, 509:

"Sections 903 and 905 must be given a reasonable construction consistent with the general purposes of the statute. A party defending a charge of excessive weight on the ground of a special permit issued under section 905 must bring himself within the terms of the permit . . ."

We believe defendant has complied with this requirement by establishing that the permit covered this particular vehicle for this particular trip, and that the burden of proof was on the Commonwealth to establish a violation of the condition of the permit. In short, in order to sustain the conviction, it was incumbent upon the Commonwealth to establish that defendant was operating his vehicle at a time other than "the hours of daylight."

The Commonwealth sought to meet its burden in this regard by producing the testimony of a meteorologist, who testified convincingly that on the date in question, the sun set at 4:35 p.m., and that under ordinary circumstances it should be considered that daylight lasted approximately one-half hour thereafter. Accordingly, if we accept the Commonwealth's evidence, defendant erred by only five or ten minutes. Moreover, the times specified by the meteorologist relate to conditions at sea

level, and cannot be given the effect of absolute mathematical accuracy elsewhere.

The testimony of the police officer and defendant supports the inference that it was twilight and beginning to get dark, but there was still considerable natural light prevailing. Most cars had their lights on at the time, but on the other hand, the police officer had no difficulty reading the permit without the aid of artificial illumination, and could readily distinguish the features of defendant seated in the cab of his truck, without the use of artificial illumination. Even after taking the truck to the scales and weighing it, the arresting officers were in doubt as to whether to prosecute, and did not proceed to do so until after consultation with their superior officer.

The Commonwealth presses for a definition of "daylight" by analogy to the provisions of section 801(a) of The Vehicle Code requiring lighting devices to be in use from one-half hour after sunset and whenever visibility is less than 500 feet (75 PS §801(a)) ; while the defense points to the definition of "daytime" in Black's Law Dictionary: ". . . That portion of the twenty-four hours during which a man's person and countenance are distinguishable." The latter definition apparently stems from ancient definition of common-law burglary. We decline to speculate as to which approach the Secretary of Highways may have had in contemplation in drafting the permit here involved. Under either interpretation, we believe there is reasonable doubt as to defendant's guilt under the circumstances of the present case.

In view of this conclusion, it is unnecessary to pass upon the various other questions raised by defendant.

*Order*

And now, April 26, 1963, for the reasons set forth in the foregoing opinion, defendant's appeal is sustained and defendant is found not guilty.