## Commonwealth v. Thomas

*Donald B. McCoy,* for Commonwealth.
*Norvin Nathan,* for defendant.

GARB, J., October 7, 1971.—We have before us an appeal from summary conviction for violation of the overweight provisions of The Vehicle Code as contained in the Act of August 13, 1963, P. L. 761, sec. 2, as amended, 75 PS §903.

On May 1, 1970, at approximately 5:40 p.m., defendant was operating a Mack tractor and Rogers trailer carrying a 988 rubber-tired front end loader in a northerly direction on Route 1 at or near the intersection of Old Trevose Road in Bensalem Township, this county. The registration number of the tractor was CD30720. Defendant had a permit issued under the provisions of the Act of December 7, 1965, P. L. 1050, sec. 1, as amended, 75 PS §905, authorizing the transportation of an overweight vehicle. The permit referred to a tractor with registration number CD30719. The arresting officer, in uniform and displaying a badge, directed defendant to drive the

tractor-trailer with its load to a scale located within two miles of the place of apprehension. Upon duly weighing the tractor and trailer and load, it was determined that they were 29,845 pounds over the maximum allowable weight for that class of motor vehicle without a permit.

Defendant was thereupon taken before a district justice of the peace of this county where a complaint was filed for violation of this act. He entered a plea of not guilty and the hearing was deferred. At the hearing finally held on June 12, 1970, defendant was found guilty of the aforesaid act by virtue of the alleged overweight and a fine in the sum of $5,910 imposed. It is from this conviction and fine that the present appeal has been taken.

At first blush, it would appear that this case is controlled completely by Commonwealth v. Curley, 189 Pa. Superior Ct. 506 (1959). In that case, the conviction by the lower court was affirmed where defendant was concededly operating an overweight vehicle but did so purportedly under a permit duly issued by the Department of Highways. The permit issued was for a tractor and trailer other than the ones being used in the overweight move but which were substantially similar or practically identical in size and weight with those named in the permit. The Superior Court held that substantial compliance with the permit is not sufficient, but that defendant must bring himself within the terms of the permit itself. The court held that defendant had failed completely to show compliance with the special permit issued under section 905 of The Vehicle Code and indicated that that was not a case involving a clerical error in some immaterial detail in connection with the issuance of the permit. We believe, on the contrary, that the facts of record on the case before us do represent a clerical error in some immaterial detail in con-

nection with the issuance of the permit and that, therefore, the appeal should be sustained.

On May 1, 1970, at approximately 11:40 a.m., the secretary-treasurer of defendant's employer received a call in her office for the movement of the front end loader in question. Defendant's employer is a professional hauler and owned and operated approximately 55 tractors and 40 trailers for that purpose. The requested movement was to be made that day beginning at approximately 1:30 p.m. The secretary-treasurer who received the call referred it to the dispatcher for the firm, whose business it was to secure such permits when necessary. Having received the information necessary for the movement, the dispatcher called the Department of Highways at St. Davids, which is the office from which the permits are rendered. It was a busy morning in the employer's office and there was considerable pressure regarding the issuance of this permit. It was generally known that the office at St. Davids closed down for lunch from 12 noon to 1 p.m. and that, therefore, the application had to be made prior to 12 o'clock or it would not be available for the truck movement to begin at 1:30. Therefore, there were just 20 minutes within which to make the application by phone. In making the application, the dispatcher was aware that a particular tractor-trailer was returning to the yard operated by defendant from another job and would be available to make this move. In giving the information to the Department of Highways on the phone, regarding the vehicle to make the move, he consulted a chart on the wall which revealed all vital information regarding the various equipment of the employer including size, make, model, weight and other information regarding the employer's equipment. In reading the chart horizonally on the wall, his eye jumped from the line on which the license

number appeared of the vehicle to make the move to the next vehicle shown on the chart, which had a succeeding license number. This applied only to the tractor and not to the trailer, for which the correct permit was issued. In fact, the tractors were exactly the same, being the same year, make and model and having been acquired at the same time. The permit arrived in the employer's office by TFX from St. Davids containing the license number which, admittedly, the dispatcher had given over the phone but which referred to a vehicle different from the one contemplated to make the move. There was further evidence that the vehicle bearing the license number for which the permit was actually issued had earlier received a permit for another overweight move and was engaged in that move at the time in question.

We are satisfied that the foregoing factual background surrounding the issuance of this permit is such as to conclude that this is a case involving a clerical error in some immaterial detail in connection with issuance of the permit. See Commonwealth v. Curley, supra. We do not believe that an immaterial detail in connection with the issuance of the permit, as stated in Commonwealth v. Curley, supra, can be construed to relate only to an error in the office of the Department of Highways. Quite obviously an error made in the Department of Highways could not result in criminal culpability upon the individual making the move. Therefore, if this language is to have any meaning at all, it must be construed to apply to clerical error on the part of the applicant for the permit. We believe that this was the construction placed on this language in Commonwealth v. Wiggins, 18 Bucks 554 (1968). Here, as there, there has been an obvious effort to comply with the law and no showing of any bad faith on the part of defendant. No one attempted to evade the provisions and purposes

of the overweight provisions of The Vehicle Code and, in fact, there was absolutely no prejudice to anyone as the result of the error of defendant's employer. We believe that this case is distinguishable from Commonwealth v. Curley, supra, in that there, absolutely no explanation of the error is articulated either in the opinion of the Superior Court or in the lower court opinion. See Commonwealth v. Curley, 46 Delaware Co. Rep. 206 (1959), for the difference in the vehicle used from that identified in the permit. In the case before us, there is a detailed explanation, which we accept. Therefore, this being a penal statute subject to the rule of strict construction deserving of a reasonable interpretation consistent with its general purposes (Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941); Commonwealth v. Walker, 219 Pa. Superior Ct. 167 (1971); and Commonwealth v. Wiggins, supra), we are satisfied that the conviction would work an injustice and that the appeal should be sustained. See Commonwealth v. Bockin, 19 Bucks 1 (1969). Accordingly, we enter the following

### ORDER

And now, October 7, 1971, the appeal is hereby sustained and defendant is found not guilty.