D. Wayne Austin, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Judge Blatt filed a dissenting opinion which was substantially as follows:

1. Non-weight violations of regulations by a special weight permit holder should not subject the permit holder to fines for weight violations, and the Department of Transportation abuses its discretion and exceeds its authority by automatically invalidating the permit for factors unrelated to the permit. [440]

Argued October 8, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Anthony J. Martin, Martin, Durkin & Martin,* for appellant.

*Patrick A. Merlino,* Assistant District Attorney, with him *Albert M. Nichols,* District Attorney, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 24, 1982:

D. Wayne Austin appeals from a Westmoreland County Common Pleas Court order imposing fines for Pennsylvania Vehicle Code[1] (Code) violations. We affirm.

Austin was hauling a bulldozer on a tractor-trailer combination[2] in Westmoreland County. The loaded vehicle, weighing 143,450 pounds, exceeded the maximum legal weight limit.[3] Although Austin had secured and was carrying special hauling permits issued by the Pennsylvania Department of Transportation[4] (Penn-DOT), he did not comply with certain general permit conditions[5] contained in the regulations promulgated under the Code. 67 Pa. Code 51.10(8)[6] provided that a special permit was *automatically invalidated* by the violation of any condition specified in the regulations.

---

[1] 75 Pa. C. S. §101.

[2] 75 Pa. C. S. §102 defines "combination" as "[t]wo or more vehicles physically interconnected in tandem."

[3] 75 Pa. C. S. §4941(a) prohibits any combination weighing in excess of 73,280 pounds from operating on a highway.

[4] 75 Pa. C. S. §4961(a)(1) empowers PennDOT to authorize, by special permit, the operation of a combination which exceeds the statutory maximum weight.

[5] Since the incident occurred on March 19, 1980, the regulations then in effect control. 67 Pa. Code §51.10 established the general conditions under which special permits were issued. Condition (13) required pilot cars to lead and follow the permitted vehicle; condition (15) required the display of "oversize load" signs; and condition (16) required red warning flags. The current regulations are found in 67 Pa. Code §179.10.

[6] The automatic invalidation provision is now found in 67 Pa. Code §179.10(8).

Austin was cited for violating Code sections 4901[7] (a "non-weight" violation, *i.e.*, not displaying the required placards and red flags, and operating without pilot cars), and 4941[8] (a "weight" violation, *i.e.*, operating a combination whose weight exceeded the authorized maximum), notwithstanding that the vehicle's weight was within the 145,000-pound limitation allowed by the special permit. The district justice fined Austin $50.00 plus costs for the "non-weight" violation[9] and $20,400.00 plus costs for the "weight" violation.[10] The common pleas court affirmed, but reduced the "weight" violation fine to $20,250.00.

Austin claims that the provision, automatically invalidating a special permit for non-compliance with the regulatory conditions, is without PennDOT's statutory authority. Section 4961(a)(2) of the Code[11] authorizes PennDOT to allow, by special permit, the operation of a combination carrying a nondivisible load (*e.g.*, a bulldozer) which exceeds the legal maximum weight. Section 4962(a)[12] authorizes PennDOT to prescribe conditions of operation under the permit as it *"shall deem necessary* to protect the safety of highway users, to promote the efficient movement of traffic or to protect the highways." Under this au-

[7] 75 Pa. C. S. §4901(a) prohibits the operation upon a highway of a vehicle that is not equipped as required by the Code or the regulations promulgated thereunder.

[8] *See* footnote 3.

[9] 75 Pa. C. S. §4907 imposes a fine of not less than $50.00 nor more than $100.00 for violating any provision of Vehicle Code Chapter 49 (entitled "Size, Weight and Load").

[10] 75 Pa. C. S. §4945(a) imposed upon a person operating an overweight vehicle a $75.00 base fine plus $75.00 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum gross weight allowed. This section further provided that, if the combination's gross weight exceeded 73,280 pounds, the fine was double the amount of other weight violations.

[11] 75 Pa. C. S. §4961(a)(2).

[12] 75 Pa. C. S. §4962(a). (Emphasis supplied.)

thority, PennDOT duly promulgated the automatic invalidation regulation, hence it has the force of law. *See Newport Homes, Inc. v. Department of Transportation,* 17 Pa. Commonwealth Ct. 317, 326, 332 A.2d 568, 574 (1975).

Austin also contends that, since he posted bond for the special permit,[13] any fine imposed for operating the combination in excess of the prescribed weight is duplicative. He argues that the posted security entitled him to drive the overweight vehicle without fear of sanctions. We disagree.

The purpose of the Code's overweight provisions is to protect the Commonwealth's highways from damage and to insure the safety of those using the highways. *Commonwealth v. Smith,* 409 Pa. 521, 525, 187 A.2d 267, 270 (1963). The bond was required in the event that the permitted vehicle were to cause damage. The security's posting was not, as Austin claims, a release from criminal liability under the Vehicle Code. Austin was prosecuted for violating Code Sections 4901(a) and 4941(a), neither of which requires road damage to be proved, hence it is irrelevant that security was posted. Austin would have been insulated from this liability if he simply had complied with the special permit conditions. A party seeking the protection of a special permit must bring himself within the terms of the permit, which Austin had failed to do. *Commonwealth v. Curley,* 189 Pa. Superior Ct. 506, 509, 151 A.2d 656, 658 (1959).

We also cannot agree with Austin's claim that the lower court was without original jurisdiction to decide this case on the basis that an initial administrative review by PennDOT was required. 67 Pa. Code §1515

---

[13] 75 Pa. C. S. §4962(a) provides that PennDOT, when issuing a special permit, may require such "security as [it deems] necessary to compensate any damage to any highway or structure or appurtenance."

clearly stated that any regulation's violation would invalidate the permit and constitute grounds for prosecution. Jurisdiction over Austin was initiated under Pa. R. Crim. P. 51(A)(1).[14] Original jurisdiction of this matter lies with the District Justice under 42 Pa. C. S. §1515(a)(1).[15] An appeal to the common pleas court by trial *de novo* then was conducted pursuant to 42 Pa. C. S. §932[16] and Pa. R. Crim. P. 67(a).[17] Here, a court of competent jurisdiction exercised its power to entertain prosecution under the Vehicle Code.

Affirmed.

ORDER

The Westmoreland County Common Pleas Court order No. 1270 C 1980, dated December 1, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.

———

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

I believe that PennDOT exceeded its statutory authority here because the effect of its regulations is to impose a fine on the appellant for an excessive weight violation when he, in actuality, committed a non-weight violation. PennDOT has been given authority to issue special permits for vehicles which exceed the maximum

———

[14] This rule provides that, when a summary offense under the Vehicle Code is charged, criminal proceedings are instituted by a citation's issuance by a police officer.

[15] This section provides that the district justice shall have jurisdiction of all summary offenses.

[16] The common pleas court has exclusive jurisdiction of appeals from final orders of the minor judiciary located within the judicial district.

[17] A defendant, convicted in any summary proceeding, may appeal to the common pleas court of the judicial district in which the conviction occurred.

size *or* the maximum weight specified in the statute. Section 4961(a)(2) of the Vehicle Code, 75 Pa. C. S. §4961(a)(2). This authority is expressed in the disjunctive and I do not believe that non-weight related violations concerning the use of pilot cars and oversize load signs are sufficient to justify the inordinate fines for exceeding weight restrictions which have been imposed in this case. Here, the appellant had obtained a valid weight permit and it seems to me to be an abuse of discretion for PennDOT to invalidate that permit on factors related only to the size of the vehicle. I would therefore reverse the court below.