459 A.2d 336

COMMONWEALTH of Pennsylvania, Appellee,

v.

D. Wayne AUSTIN, Appellant.

Supreme Court of Pennsylvania.

Argued March 10, 1983.

Decided May 6, 1983.

Anthony J. Martin, Martin & Martin, Monroeville, for appellant.

John J. Driscoll, Dist. Atty., Patrick A. Merlino, Asst. Dist. Atty., Greensburg, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

McDERMOTT, Justice.

This is an appeal from the Commonwealth Court order affirming appellant's conviction for violations of the Motor Vehicle Code.[1]  65 Pa.Cmwlth. 434, 442 A.2d 832.

Section 4941 of the Vehicle Code prescribes penalties for operating overweight vehicles on the highways.[2]  In section 4901, the legislature made provision for PennDOT to issue special hauling permits, to allow, under certain conditions, loads in excess of the legal limit of 73,280 pounds to use the highways and avoid penalty.[3]  Appellant applied for and received a permit to haul a bulldozer on a tractor trailer combination that weighed 143,450 pounds.

PennDOT, by regulation, requires that a truck so loaded be accompanied by two pilot cars and display "OVERSIZE LOAD" placards.[4]  During transit these regulations were violated by appellant.  Instead of two pilot cars, he had one and the required placards were not displayed.

Stopped by a state trooper, appellant was cited for those violations.  His truck was then weighed and being over-weight he was also issued a citation for weight violations.

1.  Act of June 17, 1976, P.L. 162, No. 81, § 1 et seq., eff. July 1, 1977, 75 Pa.C.S.A. §§ 4901, et seq.

2.  75 Pa.C.S.A. § 4941.

3.  75 Pa.C.S.A. § 4901.

4.  The regulations were promulgated at 67 Pa.Code Chapter 51, Regulation 51.10, and now appear at 67 Pa.Code § 179.10.

Taken before a district justice he was fined $50.00 plus costs for violation of the regulation requiring two pilot cars and failure to display oversize placards. He was also fined $20,400.00 plus costs because his truck was overweight.

On appeal, de novo, to the Court of Common Pleas of Westmoreland County, appellant was again found guilty of all violations.

The central issue here is whether the regulations promulgated by PennDOT are all of a piece and whether, therefore, violation of any of the regulations precipitates the penalties available for all infractions regardless of their purpose. The lower courts found in the affirmative, based upon their construction of regulation 51.10(8), which is as follows:

"§ 51.10. General conditions. The following conditions shall apply to permits issued under these regulations, where applicable:

.    .    .    .    .

(8) The permit shall be automatically invalidated by the violation of any condition specified therein, by violation of these regulations or by the giving of false information on the application for the permit. Any such violation or falsification will also be grounds for refusal to issue permits on future applications."

See 67 Pa.Code § 179.10(8).

The legislature in enacting chapter 49 of the Code addressed several different objectives and prescribed different penalties to accomplish those objectives.

Subchapter C, addressed to maximum weight limitations, provides a graduated scale of fines for violations,[5] the purpose being the prevention of highway damage by unlicensed and unsupervised overweight users. The large fines under this subchapter are not only deterrents but reimbursement for damage. Subchapter C does not address the occasion when permits are issued allowing for excessive weight. Permits are provided for in subchapters A & D.[6] Subchap-

5. 75 Pa.C.S.A. § 4945.

6. 75 Pa.C.S.A. §§ 4901, 4961, 4962.

ter A provides for safety regulations during the uses permitted, and subsection 8 of regulation 51.10 *supra* provides for the automatic invalidation of an issued permit if any of the regulations are violated.

There is a vast difference between a permit invalidated for safety violations and no permit at all. Appellant obtained a permit by posting a bond guaranteeing against the damage the regulation is designed to prevent. His violation was against the safety regulations, not against the provisions aimed at regulating weight and preventing damage to the highway. To inflict a penalty for a violation already provided against by appellant's bond is a harsh penalty and can be supported only by the clearest provision. The penalty under subchapter A for violation of the safety regulations is a $50.00 fine,[7] and the invalidation of the permit and possible prescription against future applications. The loss of a permit in mid-transit would itself be no small penalty to one who might thus be grounded with an unmovable load. The different penalties provided by the PennDOT regulation address different objectives, each designed to punish and prevent different wrongs. We hold, therefore, that the automatic invalidation of a permit by violation of the safety regulations is a penalty in and of itself and does not trigger all the penalties possible under the regulations.

Accordingly, we vacate appellant's conviction under Section 4941.

ROBERTS, Chief Justice, files a concurring opinion.

ROBERTS, Chief Justice, concurring.

I agree that appellant was improperly fined pursuant to section 4945 of the Vehicle Code, 75 Pa.C.S. § 4945, which imposes sanctions for exceeding the maximum weight permitted by section 4941 for loads transported on the highways. Appellant sought to transport a bulldozer which, when combined with his vehicle, weighed 143,450 pounds,

7. The lower court imposed a $50.00 fine pursuant to section 4907 of the Code, permitting fines of not less than $50.00 nor more than $100.00 for violations under this chapter. 75 Pa.C.S.A. § 4907.

more than the maximum gross weight permitted by section 4941. However, before attempting to transport the load on state highways, appellant sought and obtained a valid "overweight permit" from the Department of Transportation pursuant to section 4961(a)(2), as the bulldozer which he sought to transport was "nondivisible." See 67 Pa.Code § 179.1.

The citations against appellant for operating a vehicle without pilot cars, 67 Pa.Code § 179.10(13), failing to display oversize load placards, 67 Pa.Code § 179.10(15), and failing to post red flags on his trailer, 67 Pa.Code § 179.10(16), provided grounds for requiring appellant immediately to remove his vehicle from the state highway, correct the safety violations, and pay the $50 fine as established by section 4907 for those safety violations. However, those citations provided no basis for subjecting appellant to a $20,250 fine under section 4945 of the Vehicle Code for an overweight-vehicle violation, as there is no indication of a legislative intent to deem a vehicle with a proper overweight permit to be "overweight" for purposes of penalty provisions merely because of unrelated safety violations. Accordingly, the order of the Commonwealth Court is properly reversed.