520 A.2d 56

**COMMONWEALTH of Pennsylvania**

v.

**William L. LIVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 1986.

Filed Jan. 23, 1987.

J. Michael Klutch, Pittsburgh, for appellant.

John K. Greiner, Assistant District Attorney, Greensburg, for Com., appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

The issue to be decided in this appeal is whether the penalty for an overweight vehicle can legally be imposed upon the operator of a vehicle who, although authorized to haul an overweight load along a specified route, has operated his overweight vehicle on an unauthorized highway. We conclude that the operator of an overweight vehicle under such circumstances may be punished as though he did not have a permit to haul an overweight load.

On May 16, 1985, William L. Liver was operating a vehicle, with an oversized and overweight load, on U.S. Route 119 in Westmoreland County, when he was stopped and questioned by Troopers Barron L. Zimmers and Robert W. Menser of the Pennsylvania State Police. Although PennDOT had issued a special permit for the transportation of the overweight load, Liver was found to be violating the terms thereof by operating the overweight vehicle along an unauthorized route. The vehicle was weighed by a certified weighmaster and was found to be overweight by 43,869 lbs. A citation was issued which charged Liver with operating an overweight vehicle on a route not authorized by permit in violation of 75 Pa.C.S. § 4961(b).[1] After Liver had been

---

1. Although the nature of the charge is clear, it might have been questioned whether the citation contained a reference to the correct section of the Vehicle Code. The section of the Vehicle Code which provides the maximum gross weight of vehicles is 75 Pa.C.S. § 4941(a). The section referred to in the citation issued to appellant was 75 Pa.C.S. § 4961(b) which provides as follows:

   (b) **Limitation for truck tractors.**—Permits to exceed the maximum weight limit shall be issued only for truck tractors registered at the maximum weight permitted under section 4941(a) or (b) (relating to maximum gross weight of vehicles). When a truck tractor is operating under permit, the fine for axle and gross weight

found guilty and sentenced by a district justice, he appealed and was tried de novo in the Court of Common Pleas of Westmoreland County. Following trial without jury, Livers was again found guilty of operating an overweight vehicle. He did not file a motion for post-trial relief. He was then sentenced to pay a fine of $12,450, plus costs. A motion to modify the sentence was filed and denied by the court. The present appeal is from the judgment of sentence and questions only the legality of the sentence imposed by the trial court.

The penalty for operating an overweight vehicle on the highways of this Commonwealth must be determined in accordance with 75 Pa.C.S. § 4945(a), which provides in pertinent part as follows:

(a) Gross weight violations

(1) Any person driving a vehicle ... upon a highway exceeding the maximum weight allowed by section 4941 (relating to maximum gross weight of vehicles) ... is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75 plus $75 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum gross weight....

(2) If the gross weight of any vehicle or combination exceeds the applicable gross weight allowed under section 4941(a), the fine imposed under this subsection shall be doubled.

The fine imposed upon appellant was computed according to this section. He contends that this computation was erroneous and resulted in an illegal sentence. The applicable section of the Vehicle Code, he contends, is 75 Pa.C.S. § 4907, which provides as follows:

Any person violating any provision of this chapter for which a penalty is not otherwise provided is guilty of a

violations shall only be applicable to the weight that the vehicle is in excess of the weight allowed on the permit.

Because in this appeal only the penalty and not the finding of guilt has been challenged, we express no opinion regarding the adequacy of the citation.

summary offense and shall, upon conviction, pay a fine of not less than $50 nor more than $100.

In *Commonwealth v. Austin*, 500 Pa. 620, 459 A.2d 336 (1983), the defendant had obtained a permit to haul an oversized and overweight load consisting of a bulldozer. In making the haul, however, the defendant had violated safety regulations adopted by PennDOT. Specifically, the truck had not been accompanied by two pilot cars and had not displayed "OVERSIZE LOAD" placards. The defendant was cited for these violations; and, after his vehicle had been weighed and found to be overweight, Austin was also cited for operating an overweight vehicle. Following conviction, he was fined $50, plus costs, for violating the safety regulation and $20,400, plus costs, because his vehicle was overweight. The Supreme Court vacated Austin's conviction for operating an overweight vehicle, holding that the invalidation of a permit by violating safety regulations did not trigger all the penalties applicable to operating an overweight vehicle without a permit. The Court observed that the overweight provisions of the Vehicle Code were intended to prevent "highway damage by unlicensed and unsupervised overweight users." *Id.*, 500 Pa. at 622, 459 A.2d at 337. Safety regulations, even though a violation thereof automatically invalidated a permit which had been previously issued, were intended to serve another purpose. Therefore, the Court concluded:

There is a vast difference between a permit invalidated for safety violations and no permit at all. Appellant obtained a permit by posting a bond guaranteeing against the damage the regulation is designed to prevent. His violation was against the safety regulations, not against the provisions aimed at regulating weight and preventing damage to the highway. To inflict a penalty for a violation already provided against by appellant's bond is a harsh penalty and can be supported only by the clearest provision. The penalty under subchapter A for violation of the safety regulations is a $50.00 fine and the invalidation of the permit and possible prescription against future

applications. The loss of a permit in mid-transit would itself be no small penalty to one who might thus be grounded with an unmovable load. The different penalties provided by the PennDOT regulation address different objectives, each designed to punish and prevent different wrongs. We hold, therefore, that the automatic invalidation of a permit by violation of the safety regulations is a penalty in and of itself and does not trigger all the penalties possible under the regulations.

*Id.*, 500 Pa. at 623, 459 A.2d at 338 (footnote omitted).

The issue in the instant case is different and has not previously been before an appellate court in this Commonwealth. Here, although appellant had been issued an overweight permit, the highway over which he could haul the overweight and oversized load had been prescribed by the terms of the permit. When he was stopped by state police, however, he was hauling the overweight load on a highway not authorized by the permit. While on this unauthorized highway, he had no greater right to haul an overweight load than an operator who had no permit at all. In exceeding his authority, appellant violated not safety regulations but weight limitations intended to prevent "highway damage by unlicensed and unsupervised overweight users."

PennDOT regulations are consistent with the foregoing and confirm that the limitation of routes defined by the permit is intended to prevent highway damage to roads not equipped to carry overweight loads. Thus, by regulation at 67 Pa.Code § 179.16(b)(2), PennDOT has provided:

> If any vehicle or combination operating under a permit to exceed weight limits is found to be operating off the approved route indicated in the permit, the amount of overweight is determined as if there were no permit.

The same issue was previously before the Court of Common Pleas of Bucks County. In *Commonwealth v. Bradfield*, 21 Bucks Co.L.Rep. 198 (1971), the court held that an overweight permit authorizing the hauling of an overweight load over a specified route was not a defense to an over-

weight charge arising from hauling an overweight load over another, unauthorized route.

■ We agree with this decision and hold that a party defending a charge of excessive weight on the ground of a special permit must bring himself within the terms of the permit which has been issued. See: *Commonwealth v. Curley*, 189 Pa.Super. 506, 151 A.2d 656 (1959). Any other interpretation would be unreasonable. It would permit an operator of an overweight vehicle, who by permit has been authorized to haul over a specified route, to ignore the restriction and, with virtual impunity, take his overweight vehicle on any and all road surfaces throughout the Commonwealth.

■ The sentencing court applied the correct penalty provision of the Vehicle Code and imposed a legal sentence. The judgment of sentence is affirmed.