554 A. 2d 629

Ashbridge Oil Co., Inc. *v*. Esther W. Irons. Jay Roberts, Sheriff of Cambria County, Appellant.

Argued February 6, 1989, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Michael A. Sossong, Smorto, Persio, Zadzilko, Sibert & Webb,* for appellant.

*J. Phillips Saylor, Spence, Custer, Saylor, Wolfe &
Rose,* for appellee.

OPINION BY JUDGE PALLADINO, February 28, 1989:

Jay Roberts, Sheriff of Cambria County (Sheriff) appeals from an order of the Court of Common Pleas of Cambria County granting the exceptions of Esther W. Irons to the Sheriff's bill of costs and prohibiting the Sheriff from collecting poundage.[1] We reverse.

The facts in this case are not in dispute. On October 19, 1987 a judgment in mortgage foreclosure was entered against Irons in the trial court by Ashbridge Oil Co., Inc. The Sheriff received from the prothonotary of the trial court the requisite papers for a sale of Irons' residence to satisfy this judgment. The Sheriff served the writs of execution and notified all parties in interest of the service and that the sheriff's sale was scheduled for March 11, 1988.

Irons cured the mortgage default on March 10, 1988. Ashbridge immediately notified the Sheriff that the sheriff's sale of Irons' residential real estate would not be necessary. The Sheriff, in connection with the aborted sale, filed a bill of costs with the prothonotary that included an assessment against Irons of $521.76 for poundage pursuant to sections 4(b) and 7 of the Sheriff Fee Act, Act of July 6, 1984, P.L. 614, 42 P.S. §§21104(b) and 21107.[2]

---

[1] Black's Law Dictionary 1052 (5th ed. 1979) defines "poundage fees" as "[a]n allowance to the sheriff, commissioner, or the like, of so much upon the amount levied under an execution."

[2] Section 4 provides, in pertinent part:

**Real estate executions**

. . . .

(b) **Additional fees.**—Except under subsection (a)(8), the sheriff shall receive as an official fee a commission, based upon the total amount bid for the property, whether paid to

Irons filed exceptions to the assessment of poundage on the Sheriff's bill of costs, contending that: (1) section 404 of the Act of January 30, 1974, P.L. 13, 41 P.S. §404[3] does not permit recovery of poundage when default is cured prior to sale; and (2) section 7 of the Sheriff Fee Act "provides for the payment of poundage when execution has not been concluded only for writs relating to personal property." The trial court concluded that the Sheriff Fee Act distinguished between real and personal property and permitted recovery of poundage in real property executions only where a sale was conducted. On appeal to this court, the Sheriff contends that the trial court committed an error of law in concluding the Sheriff Fee Act did not permit recovery of poundage when a writ relating to real property was not executed.

Whether section 7 of the Sheriff Fee Act should be interpreted as providing for the recovery of poundage only when an unexecuted writ concerns personal property is an issue of first impression. For the reasons which follow, we conclude that the Sheriff Fee Act does not distinguish between real and personal property with re-

_____

the sheriff or credited to the purchaser, of 2% of the first $250,000 and of 0.5% of the remaining amount.
Section 7 provides:

**Settlement or staying of writs**

For the settlement or staying by the plaintiff of a writ relating to property, execution not being concluded, the sheriff shall receive the same fees for receiving, docketing and returning, levying, advertising and performing other functions enumerated in this act, including commission as would be chargeable if the sale had been made upon the writ, on the amount paid to settle or stay the writ, whether the sum is paid to the sheriff or to the plaintiff or a compromise is made between plaintiff and defendant for the future payment to satisfy the writ.

[3] The Act of January 30, 1974 is commonly referred to as "Act 6."

spect to the assessment of poundage when a writ is not executed.

Section 4 of the Sheriff Fee Act, pertaining to real estate executions, and section 6 of the Sheriff Fee Act, pertaining to personal property, *both* provide that the sheriff "shall receive" poundage, based on the amount "bid for the property," as an additional fee for executing writs.[4] Section 7 of the Sheriff Fee Act provides for poundage to be assessed "[f]or the settlement or staying by the plaintiff of a writ relating to *property,* execution not being concluded, . . . on the amount paid to settle or stay the writ. . . ." (Emphasis added.) The term property is not defined in the Sheriff Fee Act. A definition does appear in section 1991 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1991:

### Definitions

The following words and phrases, when used in any statute finally enacted on or after September 1, 1937, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section:

'**Property.**' Includes both real and personal property.

Irons argues that the term property in section 7 of the Sheriff Fee Act should be restricted to personal property because section 4, entitled "real estate executions," states that it applies to "lands and tenements" whereas section 6, entitled "executing writs," refers to "personal property." Irons argues that if the term property in section 7 was meant to apply to both real and personal property, the legislature would have entitled section 4 "real prop-

---

[4] Section 4 does provide an exception to the assessment of poundage in real estate executions for "[e]ach sale held subsequent to the first sale." No allegation has been made in this case that Irons falls within this exception.

erty executions." We are unpersuaded by this argument and conclude that the context of the Sheriff Fee Act does not clearly indicate that property should be interpreted as a reference only to personal property. This is especially so in light of the inclusion by the legislature in both section 4(b) and section 6(b) of a provision for poundage when writs are executed.

Irons also argues that poundage may not be assessed when a writ is not executed on residential real property pursuant to section 404 of the Act of January 30, 1974. Section 404(a) permits residential mortgage debtors to cure a default and prevent the sale of the real estate by tendering the amounts specified in subsection b. Those amounts specified in section 404(b) include "the reasonable costs of proceeding to foreclosure . . . actually incurred to the date of payment." Irons' argument that this language prohibits assessment of poundage is based on a belief that unless there has been a sheriff's sale, poundage has not been "actually incurred." We disagree.

Section 7 of the Sheriff Fee Act provides that the poundage to be assessed when there has been no sale is to be computed from the amount paid to settle or stay the writ. We conclude that this fee, as the sheriff maintains, is not a fee for actually conducting the sale but is a reasonable cost of proceeding to foreclosure, permissible under section 404 of the Act of January 30, 1974.[5]

Accordingly, the order of the Court of Common Pleas of Cambria County is reversed.

ORDER

AND NOW, February 28, 1989, the order of the Court of Common Pleas of Cambria County is reversed.

---

[5] Irons does not argue that the fee is unreasonable.