**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee,**

v.

**Thomas Charles WASKO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1997.

Filed Jan. 7, 1998.

Lawrence J. DiAngelus, Media, for appellant.

Timothy P. Wile, Harrisburg, for appellee.

Before McEWEN, President Judge, CERCONE, President Judge Emeritus, and BECK, J.

BECK, Judge.

In this appeal we decide, *inter alia*, whether the Commonwealth may consider a special hauling permit issued under the Motor Vehicle Code void *ab initio* where a driver violates one of several conditions of the permit. We conclude that the Commonwealth may consider the special hauling permit void *ab initio*. We affirm the trial court.

On March 27, 1996, the Pennsylvania Department of Transportation ("PennDOT") issued a special hauling permit to Road Machinery Inc., which allowed a tractor trailer to haul an oversize load to the Pennsylvania–New Jersey state line at Interstate Route 80 via Route 33 in Northampton County, Pennsylvania. Because of road construction on a portion Route 33, the permit directed that a detour be taken, whereby the driver would exit Route 33 at State Road 1008, proceed along several other designated roads, and re-enter Route 33 beyond the construction.

On March 28, 1996, appellant, who was employed by Road Machinery Inc., was driving a tractor trailer on Route 33, pursuant to the permit issued by PennDOT the previous day. While on Route 33, however, appellant drove past the exit which provided access to State Road 1008, because no sign at the exit, itself, indicated access to the road. As appellant approached the construction area on Route 33, he realized that he had missed the exit. Appellant then radioed ahead to the construction workers who told him that his load would be able to travel through the construction zone.

As appellant proceeded to enter the construction zone, he was stopped by Pennsylvania State Police Trooper Brian Fleming. Upon examining appellant's special hauling permit, Trooper Fleming noted that appellant was off the route approved by his permit since he was approximately four miles beyond the exit on Route 33 that the permit directed him to use to avoid the construction area. Trooper Fleming then called for the assistance of a PennDOT weigh detail team. Officer Arnold Mack responded to Trooper Fleming's call and arrived on the scene. Trooper Fleming determined that absent the special hauling permit appellant's load was about 31,000 pounds overweight. Although the weight was proper under the special hauling permit, if the permit was considered void, the load was overweight.

Appellant was then issued citations for violating 75 Pa.C.S. § 4907(b)[1], relating to general non-compliance with the conditions of the permit, and 75 Pa.C.S. § 4941(a)[2], relating to operating an overweight vehicle.

A summary trial was then held before a district justice in Northampton County where appellant was found guilty of both summary offenses. Appellant appealed that conviction to the Court of Common Pleas of Northampton County for a *de novo* trial. At the conclusion of the *de novo* bench trial, appellant was again found guilty of both summary offenses and sentenced to a fine of $566.00 for violating § 4907(b) and $8,861.51 for violating § 4941(a).

On appeal, appellant first argues that his conviction for hauling an overweight load under § 4941(a) was unlawful. He contends that although he violated a condition of his special hauling permit by deviating from the permit's prescribed route, § 4907(b) is the sole and exclusive sanction for violating a

---

1.  75 Pa.C.S. § 4907(b) provides:
    **Penalty for violation of permit.**—Any person whose vehicle combination or load is in violation of or not in compliance with any condition of a permit and any person who violates or fails to comply with any condition of a permit while operating or transporting a vehicle, combination or load, in addition to any other violation prohibited by this chapter, commits a

summary offense and shall, upon conviction, be sentenced to pay a fine of $500 for each violation.

2.  75 Pa.C.S. § 4941(a) provides the maximum gross weights for various size trucks and trailers. The penalties for exceeding the maximum weights set forth in § 4941 are set forth in § 4945.

condition of a special hauling permit. Appellant argues that he did not violate the weight restriction in the permit because his load was within the weight limitation prescribed in the special hauling permit. He asserts that the effect of the court's order is to invalidate the permit altogether. We find appellant's argument to be supported by neither law nor logic.

We addressed the same issue posed in this case in *Commonwealth v. Liver*, 360 Pa.Super. 205, 520 A.2d 56 (1987). In that case, the appellant had been issued an overweight permit which prescribed the routes over which he could haul the overweight load. When the state police trooper stopped the appellant, he was not on a highway authorized by the permit. The appellant was then charged with carrying an overweight load in violation of § 4941(a), as if he had had no permit at all.

In affirming the appellant's conviction in *Liver*, we concluded that while on an unauthorized highway, a driver has no greater right to haul an overweight load than an operator who has no permit at all. We also pointed to the PennDOT regulation which provided that, "[i]f any vehicle or combination operating under a permit to exceed weight limits is found to be operating off the approved route indicated in the permit, the amount of overweight is determined as if there were no permit." 67 Pa.Code § 179.16(b)(2). By holding that "a party defending a charge of excessive weight on the ground of a special permit must bring himself within the terms of the permit which had been issued," *Liver*, 360 Pa.Super. at 210, 520 A.2d at 59, we reasoned that any other conclusion "would permit an operator of an overweight vehicle, who by permit has been authorized to haul over a specified route, to ignore the restriction and, with virtual impunity, take his overweight vehicle on any and all road surfaces throughout the Commonwealth." *Id.* at 210, 520 A.2d at 59.

Moreover, § 4962(c) of the Motor Vehicle Code specifically states that "[a] permit shall be revocable for cause and shall be subject to summary confiscation or invalidation as provided by departmental regulations." 75 Pa. C.S. § 4962(c). The regulations, in turn, specifically provide for the confiscation of a permit due to a "violation of a condition specified therein." 67 Pa.Code § 179.10(8). Relying in part on this regulation, we held in *Commonwealth v. Pollock*, 414 Pa.Super. 66, 606 A.2d 500 (1992), that when a driver violates a condition of a permit, such as maximum height of truck, all other violations subsequently found were to be treated as if no permit had been issued. *Id.* at 76, 606 A.2d at 504. In *Pollock*, we distinguished *Commonwealth v. Austin*, 500 Pa. 620, 459 A.2d 336 (1983), where the supreme court disapproved of the language then contained in § 179.10(8), which prescribed the automatic invalidation of a permit where a driver violates a PennDOT safety regulation, which was not covered by his hauling permit. The *Austin* court held that violation of a PennDOT safety regulation does not invalidate the permit under which the driver was operating. The safety regulation was not a condition of the permit itself.

Recognizing that our prior holdings in both *Liver* and *Pollock* would ordinarily constrain us to rule against him in the instant case, appellant argues that the Pennsylvania Legislature, by amending § 4907 in 1994, effectively overruled those cases as well as the PennDOT regulations on which they relied. In 1994, the Pennsylvania Legislature amended § 4907 in two ways. First, subsection (a) was amended to increase the fine from $100.00 to $300.00 for each violation of Chapter 49 for which a penalty is not otherwise provided. In addition, § 4907 was also amended by adding a new subsection (b), which provides:

> (b) **Penalty for violation of permit.**—any person whose vehicle, combination or load is in violation of, or not in compliance with, any condition of a permit, and any person who violates or fails to comply with any condition of a permit while operating or transporting a vehicle, combination or load, in addition to any other violation prohibited by this chapter, commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $500.00 for each violation.

75 Pa.C.S. § 4907(b).

Appellant asserts that "[b]y its own plain and unambiguous terms, [§ 4907(b)] clearly

sets out the sole and exclusive sanction for the violation of any condition of a permit, including operation of an overweight vehicle off of the approved route in the permit." Appellant's Brief at 14. We disagree with appellant's assertion and reach the opposite conclusion. Indeed, the "plain and unambiguous" language of § 4907(b) clearly reveals that any penalty assessed pursuant to this provision, is meant to be *"in addition to any other violation prohibited by [Chapter 49]."* § 4907(b)(emphasis supplied). Nowhere in this provision is there any language from which we may remotely glean that the penalty set forth in § 4907(b) should be the sole sanction for a violation of a condition of a permit. The plain language expressly provides otherwise.

Appellant further argues that the Legislature could not have meant for the penalty provided in § 4907(b) to be in addition to a fine for violating the overweight provisions where the load's weight was within the weight limitation set forth in the permit. He maintains that a fine in the amount of $8886.51 for violating § 4941(a) is unfair to someone in his position and "would be a windfall to the Commonwealth where no actual damage is done to the highway by the operation of the vehicle off route." Appellant's Brief at 18.

■ In the face of statutory language which is free from ambiguity, it is not for us to speculate as to the motivations of the Legislature. Indeed, it is well established that "when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning." *Commonwealth v. Ahlborn*, 548 Pa. 544, ——, 699 A.2d 718, 720 (1997). Because we find the language of § 4907(b) to be clear and unambiguous, "[w]e are constrained ... to apply statutory language enacted by the legislature rather than speculate as to whether the legislative spirit or intent differs from what has been plainly expressed in the relevant statutes." *Commonwealth v. Bursick*, 526 Pa. 6, 10, 584 A.2d 291, 293 (1990). *See also Commonwealth v. Bell*, 512 Pa. 334, 339–340, 516 A.2d 1172, 1175 (1986)(when language of statute is plain and clear, it is

inappropriate to inquire further into legislative intent).

■ Accordingly, we conclude that because § 4907(b) provides for *an additional* sanction for violating a special permit and not the *sole and exclusive sanction,* the Legislature, by enacting § 4907(b), did not overrule our prior holdings in either *Liver* or *Pollock.* As such, we hold that appellant was properly convicted of violating the overweight provision, § 4941(a) of the Motor Vehicle Code.

■ Appellant also argues on appeal that his convictions under both § 4907(b) and § 4941(a) should be overturned since he lacked the necessary *mens rea* for those offenses. Appellant contends that because he did not intend to go off his route and violate any provisions of his permit, he should be exonerated from liability for the offenses of which he was convicted. This contention is wholly without merit.

■ Neither § 4907(b) nor § 4941(a) contains any language indicating that a violation of either provision requires any degree of intent whatsoever. It is clear that the "legislature, by virtue of its police power, may define a crime so that proof of criminal intent is not necessary." *Commonwealth v. Hennemuth,* 294 Pa.Super. 360, 363, 439 A.2d 1241, 1243 (1982). Moreover, we have repeatedly held that "intent and moral depravity are not composite requirements of the Commonwealth's burden of proof in motor vehicle cases." *Commonwealth v. Nugent,* 315 Pa.Super. 493, 503, 462 A.2d 699, 704 (1983). *See also Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983)(culpability requirements contained in the Crimes Code do not apply to summary offenses which are part of the Motor Vehicle Code). Indeed, we have specifically found that the Commonwealth was not required to establish any level of intent in order to prove a violation of the overweight provisions of the Motor Vehicle Code. *See Hennemuth,* 294 Pa.Super. at 364, 439 A.2d at 1244. Accordingly, we find appellant's lack of intent to be irrelevant to the

propriety of his convictions under the summary offenses of § 4907(b) and § 4941(a).

Judgment of sentence affirmed.