**KINDER–TRAVEL, INC. by its Shareholder, KID COUNTRY JUNCTION, INC., Appellant,**

v.

**Robert I. ESTILL and Kathy Parks Estill, Appellees.**

Superior Court of Pennsylvania.

Submitted June 30, 2003.

Filed Oct. 15, 2003.

Eugene R. Campbell, York, for appellant.

Peter J. Mangan, York, for Sheriff, York County, appellee.

Clyde W. Vedder, York, for Estill, appellee.

Thomas W. King, III, York, for Pennsylvania Sheriff's Assoc., participating party.

BEFORE: TODD and KELLY, JJ. and McEWEN, P.J.E.

OPINION BY KELLY, J.:

¶ 1 Appellant, Kinder–Travel, Inc., asks us to determine whether the trial court erred when it denied Appellant's exceptions to the assessment of poundage made by William M. Hose, Sheriff of York County ("Sheriff"). We hold that where a Sheriff's efforts toward levy result in a settlement or compromise not made prior to the Sheriff's intervention, the Sheriff is authorized to collect poundage on the settlement amount. Accordingly, we affirm the order denying Appellant's exceptions to the Sheriff's assessment of poundage.

¶ 2 The trial court fully and correctly sets forth the relevant facts and procedural history of this case as follows:

On June 20, 1999, an Order was entered awarding [Appellant], Kinder Travel, Inc. a judgment in the amount of $55,545.89 against Robert I. Estill and Kathy Parks Estill. On July 12, 1999, a Motion for Reconsideration was filed and on July 5, 2000, the Honorable Richard H. Horn denied the request for Reconsideration, and said Order was entered as a judgment of record on or about July 24, 2000. On August 23, 2000, the Defendant, Kathy Parks Estill a/k/a Kathy Parks King filed an Appeal with the Superior Court of Pennsylvania. No *supersedeas* was granted.

On October 10, 2000, Kinder Travel, Inc., filed a *Praecipe* for Writ of Execution directing the Sheriff of York County to levy on all personal property belonging to Kathy Parks King at 333 East Seventh Street, York, Pennsylvania 17404 and 545 Aqua Court, York, Pennsylvania 17403. The Sheriff attempted levy and was unsuccessful. On October 24, 2000, the Sheriff again attempted levy at the residence of Kathy Parks King and was again unsuccessful.

The Sheriff explained to the judgment creditor that a Break and Enter Order would be required. After this communication, Ms. King's attorney filed a Motion to Stay and/or set aside the execution which was presented in Motions Court. This request was denied. However, an Order was entered directing that the Writ of Execution would be stayed until service could be effected. Kinder Travel, Inc. never obtained a Break and Enter Order but settled the case with the debtor sometime in December 2000 for the sum of $55,000.00. Upon learning of the settlement, the Sheriff billed the creditor poundage in the amount of $1,100.00 plus mileage and service costs for a total of $1,125.60.

(Trial Court Opinion, dated January 22, 2003, at 1–2). To this rendition, we add that Appellant filed exceptions to the Sheriff's poundage assessment. On August 28, 2002, the trial court denied Appellant's

exceptions. Appellant then filed this timely appeal.

¶ 3 Appellant raises the following issues for our review:

WAS THE SHERIFF ENTITLED TO COLLECT POUNDAGE WHERE THE WRIT OF EXECUTION WAS NEVER SERVED ON [DEBTOR], AND WHERE THE WRIT WAS STAYED BY ORDER OF COURT?

WAS THE SHERIFF ENTITLED TO POUNDAGE BASED ON THE AMOUNT PAID ON THE JUDGMENT, WHERE NO SALE WAS EVER HELD AND THE WRIT WAS NEVER SERVED?

(Appellant's Brief at 4).

■ ¶ 4 For ease of disposition we address Appellant's issues together. Appellant asserts that poundage is only justifiable to defray sale costs. Appellant also argues that the Sheriff failed to serve the writ of execution on Robert I. Estill and Kathy Parks Estill ("Debtors"). Furthermore, Appellant contends that the writ of execution was stayed and the proceedings halted. Thus, Appellant concludes that the Sheriff was not entitled to collect poundage on the settlement, because the Sheriff did not levy property or incur sale costs. We disagree.

¶ 5 The Sheriff Fee Act states in pertinent part as follows:

§ 21107. Settlement or staying of writs

For the settlement or staying by the plaintiff of a writ relating to property, execution not being concluded, the sheriff shall receive the same fees for receiving, docketing and returning, levying, advertising and performing other functions enumerated in this act, including commission as would be chargeable if the sale had been made upon the writ, on the amount paid to settle or stay the writ, whether the sum is paid to the sheriff or to the plaintiff or a compromise is made between plaintiff and defendant for the future payment to satisfy the writ.

42 P.S. § 21107.

■ ¶ 6 This Court has held that "'when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning.'" *Com., Dept. of Transp. v. Wasko*, 704 A.2d 1104, 1107 (Pa.Super.1998) (quoting *Commonwealth v. Ahlborn*, 548 Pa. 544, 548, 699 A.2d 718, 720 (1997)). *See also Stanton v. Lackawanna Energy, Ltd.*, 820 A.2d 1256 (Pa.Super.2003). The statutory language of the Sheriff Fee Act entitles sheriffs charged with selling property in satisfaction of writs of execution to collect poundage even if the parties arrive at a compromise and regardless of whether execution is concluded. *See* 42 P.S. § 21107. To date, this Court has not had an opportunity to address this issue. However, the Commonwealth Court has addressed this issue to a limited extent in *Ashbridge Oil Co., Inc. v. Irons*, 123 Pa.Cmwlth. 629, 554 A.2d 629 (1989).

¶ 7 In *Ashbridge*, the trial court entered a judgment in mortgage foreclosure against a debtor. The sheriff served the writs of execution and scheduled a sale of the debtor's residence to satisfy the judgment. One day before sale, the debtor cured the default. Despite the aborted sale, the sheriff assessed poundage pursuant to the Sheriff Fee Act, and the debtor filed an exception. On appeal, the Commonwealth Court interpreted the Sheriff Fee Act as providing for the assessment of poundage even when there has been no sale. The Court concluded that poundage "is not a fee for actually conducting the sale, but is a reasonable cost of proceeding to foreclosure." *Id.* at 631. Thus, pound-

age may be assessed even in the absence of an actual sale and is to be computed from the amount paid to settle or stay the writ. *Id.* at 633. Although not bound by *Ashbridge* as precedent, we conclude that its reasoning is sound and persuasive.

██ ¶ 8 With respect to the issue of whether poundage should be paid absent an actual levy, *Ashbridge* does not offer direct guidance. Whether poundage should be assessed where the levy was not made is an issue of first impression.

¶ 9 In the instant case, Appellant's position that the writ was stayed is a mischaracterization. Rather, the court entered an order directing that the writ of execution would be stayed until service was made. The stay would have dissolved as soon as Appellant directed the Sheriff to serve the writ. Instead, Appellant settled the case.

¶ 10 Moreover, Appellant previously directed the Sheriff to levy on all personal property of the Debtors. The Sheriff attempted to levy on the property on two occasions, but was denied access. The Sheriff advised Appellant of the need for a break and enter order because the Debtors refused to acquiesce. As a result of the Sheriff's efforts, the Debtors filed a motion to stay the writ of execution pending appeal to the Superior Court. After the trial court denied the Debtors' motion, their remaining options were to settle quickly with Appellant or risk the Sheriff's levy on their property. The alacrity with which the Debtors chose to settle demonstrates the effectiveness of the Sheriff's previous efforts, and the imminent threat of levy gave impetus to the parties' compromise.

¶ 11 The right to poundage in this case is twofold. First, the Sheriff was entitled to collect poundage pursuant to the Sheriff Fee Act, because he had already taken steps towards foreclosure and incurred costs. *See* 42 P.S. § 21107; *Ashbridge,*

*supra.* However, more important than defraying the Sheriff's time and expense incurred in attempting to levy on the Debtors' personal property, is recognition of the Sheriff's role in precipitating settlement of the debt. Thus, the right to poundage is also based upon a settlement that was paid and had not previously been paid before the Sheriff intervened. Therefore, where a sheriff's efforts towards levy result in a settlement or compromise not made prior to the sheriff's intervention, the sheriff is authorized to collect poundage on the settlement amount.

¶ 12 Based upon the foregoing, we hold that, under the Sheriff Fee Act, 42 P.S. § 21107, the trial court's denial of Appellant's exceptions to the assessment of poundage was proper, where Appellant as judgment creditor directed the Sheriff to levy on Debtors' personal property, and the Sheriff's levying efforts prompted Debtors to settle. Accordingly, we affirm the trial court's order denying Appellant's exceptions to the assessment of poundage.

¶ 13 Order affirmed.