## Commonwealth v. Malason

*Dale A. Reichley,* for Commonwealth.
*David Weinstein,* for defendant.

MIMS, *J.,* April 13, 1977 — This is an appeal from a conviction before a district justice of the peace for violation of the overweight provisions of The Vehicle Code as provided in section 903(a) of the Act of April 29, 1959, P. L. 58, sec. 903, as amended, 75 P. S. §903(a).

There is no dispute that on September 27, 1976, defendant was operating a six-axle self-propelled crane. The time of stop by the patrolman became an important issue in this case and the evidence supports the Commonwealth's contention that it took place at 9 a.m. on September 27, 1976. The said date happened to be a Monday and on the preceding Friday, September 24, 1976, defendant, through his employer, applied for a special hauling permit. Although the application for permit was approved on September 24, 1976, by an Assistant Permit Engineer for the Pennsylvania Department of Transportation, due to a breakdown in the telex, the permit itself was not actually transmitted to defendant until 9:55 on September 27th, or 55 minutes after the stop. The Department of Trans-

portation orally advised defendant of the approval of his application for the permit on September 24, 1976.

Defendant was a frequent applicant for this particular vehicle and due to his being bonded was permitted, according to the testimony of the representative of the Department of Transportation, to apply for, and obtain, special permits by telephone. His failure to have a piece of paper designated as a permit was based solely on the inoperability of the telex machine on that particular day. However, uncontradicted evidence by the Department of Transportation and by defendant was that the permit was approved three days before the paper was received. Whether this was, or was not, a clerical error in some immaterial detail, again need not be decided in this case. See Commonwealth v. Bodine, 23 Bucks 161 (1972); Commonwealth v. Wiggins, Jr., 18 Bucks 556 (1960).

The Commonwealth takes the position that at the time defendant was stopped, there was no permit issued or in hand and that he, therefore, comes within the purview of section 903(a), which provides that:

"No motor vehicle, and no combination of which a motor vehicle is a part, shall, when operated upon a highway, have a gross weight exceeding seventy-three thousand two hundred eighty (73,280) pounds."

No other section of the code was alleged to have been violated by defendant. The Commonwealth further contends that even if a permit were issued, the crane weighed in excess of the maximum provided for in the permit and defendant should be penalized in accordance with the schedule of fines in section 903.

Defendant raises several issues, all of which need not be recited here. Its most compelling contention is that according to the definitions contained in The Vehicle Code, the vehicle in question is not a motor vehicle "as contemplated by section 903(a)." The definition found at section 102 of The Vehicle Code, in relevant part, states that a motor vehicle is any vehicle, as herein defined, which is self-propelled, *except tractors*. In that same section, the term "tractor" is defined as a vehicle of the tractor type which is self-propelled, designed and used for driving other vehicles and not so constructed as to carry a load thereon. The definition of a "tractor" goes on to include the following language:

" . . . In the case of motor vehicles, as defined in this act, which cannot be used as motor vehicles, the secretary may determine in each case whether or not such motor vehicle is of the tractor type, and in making such determination the secretary shall consider the purpose for which such motor vehicle shall be used."

The vehicle in question was registered with the Pennsylvania Department of Transportation and was designated as a "tctr" type. That designation apparently stands for "tractor type." The vehicle itself had six axles and an expandable crane permanently affixed to the bed. It is quite obvious that the vehicle was not designed for the transport of a payload. The physical construction of the vehicle and, more importantly, the Department of Transportation's own designation of this vehicle as being of the "tractor type" removed it from the code's own definition of a "motor vehicle." The prohibition of 903(a) is directed specifically at

"motor vehicles" and, therefore, has no application to the vehicle in question.

Only section 903(b), 903(e) and 903(i) have any reference to either a tractor or truck-tractor and neither of those sections were mentioned in the citation, the citation being limited to charging a violation under 903(a). Pa. R. Crim. P. 52 A1(e) requires that every citation shall contain the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise defendant of the nature of the offense charged. While there are situations where the summary of facts included in the citation are sufficient to overcome the lack of specificity in the citing of the section and subsection alleged to have been violated, this does not appear to be one of those cases. The citation merely gives the following information: "Overweight — Defendant's vehicle weight was 150,860 — allowed 73,280 — over /77,580." Clearly, this descriptive summary can relate to no other section than 903(a), which has as the limit for a motor vehicle operating upon a highway 73,280 pounds. See Commonwealth v. Schreiber, 94 Dauph. 94 (1971); Commonwealth v. Eshelman, 56 D. & C. 2d 775 (1972); Commonwealth v. Mark, 18 Cumb. 80 (1968); Commonwealth v. Messerschmidt, 27 Bucks 133 (1975); and Commonwealth v. Bard, 9 Cumb. 72 (1958).

Defendant further argues that this case should be controlled only by section 905 of The Vehicle Code which provides for the obtaining of special permit for overweight or oversized vehicles. The failure of an owner-operator to obtain a permit results in a particular set fine without graduation for

the amount of the overweight. In this case, defendant obtained a permit to operate a vehicle weighing up to 140,000 pounds. The Commonwealth, through "split weighing" arrived at a weight in excess of 140,000. This court, in interpreting both 903(a) and section 905 of the code must give a reasonable construction to those sections consistent with the general purposes of the statute. See Commonwealth v. Curley, 189 Pa. Superior Ct. 506, 151 A.2d 656 (1959). Likewise, the court must recognize that the statute prohibiting excess weight on motor vehicles is penal and is subject to the rule of strict construction. See Commonwealth v. West Philadelphia Fidelio Mannerchor, 115 Pa. Superior Ct. 241,175 Atl. 434 (1934); Commonwealth v. Burall, 146 Pa. Superior Ct. 525, 22 A.2d 619 (1941).

For the reason that the clear dictate of Pa. R. Crim. P. 52 A1(e) has not been complied with and for the reasons that defendant's vehicle does not fit within the definition of "motor vehicle," and the instant charge of defendant of violating only section 903(a) without any reference to section 905, we have no choice but to find defendant not guilty and sustain his appeal and we, therefore, enter the following

## ORDER

And now, April 13, 1977, defendant, David C. Malason, is found not guilty, and the proceedings are dismissed. Costs are to be paid by the County of Bucks.