514 A.2d 936

Derrick ROGERS and James Price

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Travelers Insurance Company.

Appeal of SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.

Edward A. BRUNO

v.

TRAVELERS INSURANCE COMPANY and Southeastern Pennsylvania Transportation Authority.

Appeal of SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Sept. 11, 1986.

Carl T. Bogus, Philadelphia, for appellant.

Robert M. Sitoski, Philadelphia, for Rogers, appellees (at 2034).

David M. McCormick and Gary B. Cutler, Philadelphia, for Travelers, appellee.

Lawrence R. Pierce, Philadelphia, for Bruno, appellee (at 2035).

Before CIRILLO, President Judge, and CAVANAUGH and WICKERSHAM, JJ.

CIRILLO, President Judge:

This case involves a consolidated appeal from orders of the Court of Common Pleas of Philadelphia County. We are called upon to determine whether a trackless trolley is a

"motor vehicle" under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 Pa.C.S. § 1009.[1]

Appellee Edward T. Bruno and appellees Derrick Rogers and James Price (hereafter "passengers") instituted separate actions against appellant Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") and appellee Travellers Insurance Company (hereafter "Travellers"). The passengers alleged in their complaints that they were injured while passengers on a trackless trolley owned by SEPTA, and that they had no insurance policies of their own because they did not own automobiles. Thus, they alleged they were entitled to basic loss benefits from either SEPTA or Travellers, which is the named assigned servicing carrier under the Assigned Claims Plan. Travellers filed motions for judgment on the pleadings, urging that the trackless trolley involved is a "motor vehicle" such as to put the burden of payment on SEPTA (the vehicle owner) pursuant to traditional application of the No-Fault Act. The trial court agreed with Travellers' analysis and granted the motions, leaving SEPTA as sole defendant. These appeals by SEPTA followed.

At the outset, we note that all parties agree that a determination of whether a trackless trolley is a "motor vehicle" is dispositive of this appeal. If the trolley is a motor vehicle, then SEPTA must provide the security for the passengers' injuries; as owner of the vehicle on which the uninsured person was injured, this would be its general duty under the No-Fault Act. 40 Pa.C.S. § 1009.204(3). We agree with the trial court that the trolley is a motor vehicle, and thus need not discuss the ramifications of any finding to the contrary.

SEPTA's argument can be summarized as follows. Trackless trolleys need not be registered under the Motor Vehicle Code, 75 Pa.C.S. § 101, not because they are listed as an exception under § 1302(b) of the Code, but because

---

1. The No-Fault Act was repealed October 1, 1984. It is controlling on this appeal, however, because it was in effect at the time of the accident at issue.

the Department of Transportation has chosen to except them from registration as a policy matter. If it is not registered under the Vehicle Code, it is not a motor vehicle. To treat trackless trolleys as motor vehicles in the face of the Department of Transportation's special classification of them would improperly disregard the Department's regulatory powers. Further, trackless trolleys, despite their outward similarities to buses, actually have little in common with true motor vehicles because their travel is limited by their dependence on overhead power lines.

We find that SEPTA's reliance on whether the trolleys are actually registered under the Vehicle Code is misplaced. In *Siefert v. Nationwide Insurance*, 289 Pa.Super. 160, 432 A.2d 1101 (1981), we were faced with the issue of whether a trail bike is a "motor vehicle" under the No-Fault Act. We noted that the No-Fault Act relies on the Motor Vehicle Code definition of motor vehicle, "a vehicle *of a kind* required to be registered ..." (emphasis added). The trail bike had no lights, safety features, or warning systems, and thus was not "of a kind" which can be registered. Therefore, it was not a motor vehicle. An en banc panel of this Court adopted the *Siefert* analysis in *Phillips v. Nationwide Insurance*, 348 Pa.Super. 351, 502 A.2d 244 (1985) (Cirillo, P.J., dissenting on other grounds).

The question, then, is whether trackless trolleys are more similar to vehicles that are registered under the Vehicle Code (cars, buses, etc.) than to those that are not (dune buggies, trail bikes, and the like). We conclude that, despite the fact that trackless trolleys are not actually registered under the Vehicle Code, they are "of a kind" required to be registered. They operate exclusively on public roadways and have all the safety features suiting them for that purpose. While they are not self-propelled, they do have motors, which are simply powered from an outside source. Indeed, apart from the power lines overhead, the trackless trolleys are virtually identical to SEPTA's conventional buses. It is true that they are limited to those roadways that are equipped with power lines, but while

436

they are operating on those roads the trackless trolleys accelerate, stop, and turn just like ordinary buses. We agree with the trial court that trackless trolleys operate on the roadways in such a fashion as to be deemed motor vehicles under the No-Fault Act.

The orders appealed from are affirmed.