541 A.2d 843

Dorothy Ellis *v.* Southeastern Pennsylvania Transportation Authority et al. Southeastern Pennsylvania Transportation Authority (SEPTA), Appellant.

Argued February 23, 1988, before President Judge CRUMLISH, JR., and Judges McGINLEY and SMITH, sitting as a panel of three.

*Steven M. Liero,* with him, *Leslie Dias, Stephen Dittman* and *Norman Hegge,* for appellant.

*John T. Quinn,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 23, 1988:

The Southeastern Pennsylvania Transportation Authority (SEPTA) appeals a Philadelphia Common Pleas Court order granting Harleysville Insurance Company's (Harleysville) summary judgment motion. We reverse and remand.

Dorothy Ellis was injured when the SEPTA trolley in which she was a passenger collided with two automobiles in Philadelphia. Ellis sought first-party benefits[1] under the Pennsylvania Motor Vehicle Financial Responsibility Law (Financial Responsibility Law)[2] from Harleysville—insurer of one of the automobiles. Harleysville, in turn, filed a defendant's complaint against SEPTA and the insurer of the second auto.

SEPTA and Harleysville filed stipulated facts and motions for summary judgment. The common pleas court granted Harleysville's summary judgment motion and directed SEPTA to compensate Ellis because she

---

[1] 75 Pa. C. S. §1702 provides:

"**Benefits**" or "**first party benefits.**" Medical benefits, income loss benefits, accidental death benefits and funeral benefits.

[2] 75 Pa. C. S. §§1701—1798.

was an uninsured passenger.[3] The common pleas court concluded that trolleys are "motor vehicles" under the purview of the Financial Responsibility Law based on *Rogers v. SEPTA*, 356 Pa. Superior Ct. 432, 514 A.2d 936 (1986).

In reviewing a grant of summary judgment, our scope of review is limited to determining whether the common pleas court committed an error of law or abused its discretion. *Farley v. Township of Upper Darby*, 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986). Summary judgment is only proper when, after examining the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the movant clearly establishes that he or she is entitled to judgment as a matter of law. *Kuehner v. Parsons*, 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987).

SEPTA argues that the common pleas court erroneously termed its trolley a motor vehicle and, therefore, it is not liable under the Financial Responsibility Law. SEPTA distinguishes *Rogers*, arguing that it involved a trackless trolley, while the path of the streetcar here was controlled by rails. We agree.

Section 1711 of the Financial Responsibility Law, 75 Pa. C. S. §1711, provides:

> An insurer issuing or delivering liability insurance policies covering any *motor vehicle of the type required to be registered under this title,* except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedalcycles or like type vehicles, registered and operated in this Com-

---

[3] SEPTA, a self-insurer, is required to provide benefits to uninsured passengers injured in its motor vehicles. 75 Pa. C. S. §1787(a)(1).

monwealth, shall include coverage providing a medical benefit in the amount of $10,000, an income loss benefit up to a monthly maximum of $1,000 up to a maximum benefit of $5,000 and a funeral benefit in the amount of $1,500, as defined in section 1712 (relating to availability of benefits), with respect to injury arising out of the maintenance or use of a motor vehicle. (Emphasis added.)

The term "motor vehicle" is not defined in the Financial Responsibility Law. However, Section 102 of the Vehicle Code (Code),[4] defines "motor vehicle" as "a *vehicle* which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated on rails." (Emphasis added.) Both parties understandably argue contrary interpretations of this provision. However, Section 102 also defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, *except devices used exclusively upon rails or tracks.*" (Emphasis added.) Thus, when examined together, the applicable statutes exclude rail trolleys from the definition of motor vehicle.

Harleysville, however, maintains that *Rogers* controls because a SEPTA *trackless* trolley—in essence, an electric bus—was deemed to be "more similar to vehicles that are registered under the Vehicle Code . . . than to those that are not." *Rogers,* 356 Pa. Superior Ct. at 434, 514 A.2d at 937. Herein, the trolley was a streetcar. It rode only on rails and was not subject to typical road surface hazards and, thus, its maneuver-

---

[4] 75 Pa. C. S. §102. That section provides definitions of terms used throughout Title 75, the Vehicle Code, 75 Pa. C. S. §§101-9910.

ability was restricted. Moreover, Harleysville fails to cite any authority, and we have not been able to discover any support for the proposition that streetcars are required to be registered under the Vehicle Code.

Therefore, because the applicable statutes do not include a trolley/streetcar as a *motor vehicle* for purposes of imposing liability under the Financial Responsibility Law,[5] we reverse the common pleas court order granting Harleysville's motion for summary judgment and remand for further proceedings.

ORDER

The Philadelphia Common Pleas Court order, No. 4913 August Term, 1986, dated May 1, 1987, directing summary judgment against SEPTA is reversed. This case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[5] 75 Pa. C. S. §1713(a)(4) provides:

(a) **General Rule.**—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

. . . .

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident.