466

544 A.2d 1014

## COMMONWEALTH of Pennsylvania

v.

## David B. BARRETT, Appellant.

Superior Court of Pennsylvania.

Argued April 7, 1988.

Filed July 11, 1988.

Thomas K. Kistler, Bellefonte, for appellant.

Glenn, Davis, Harrisburg, for Com., appellee.

Before BROSKY, MONTEMURO and JOHNSON, JJ.

JOHNSON, Judge:

Upon appeal from a summary criminal conviction appellant was tried de novo before the Court of Common Pleas of Centre County and found guilty of driving an unregistered vehicle in violation of 75 Pa.C.S. § 1301(a). The conviction for this summary offense was based on appellant's driving a truck with trailer on Route 144 in Centre County. The truck was not registered in Pennsylvania. Appellant was sentenced to pay a fine of $1,890 plus costs. His motion to modify sentence was denied and on direct appeal from judgment of sentence appellant raises the following issues:

    I.  DO 75 PA.C.S. §§ 1301(c), 1101(b) AND 1102(6) EXEMPT MOTOR VEHICLES REGULARLY ENGAGED IN INTERSTATE COMMERCE FROM PENNSYLVANIA REGISTRATION?

   II.  IS THERE A LEGISLATIVE CONFLICT, SUCH THAT SECTIONS 75 PA.C.S. 1301(c) AND 75 PA. C.S. 1101(b) ARE IRRECONCILABLE, AND IF SO, WHICH SECTION SHOULD CONTROL?

  III.  DID THE COURT ACT OUTSIDE OF ITS AUTHORITY BY IMPOSING A FINE BASED UPON FACTS WHICH WERE NOT CONTAINED WITHIN THE TESTIMONY OR RECORD IN ANY WAY WHATSOEVER?

[1] In his first argument appellant contends that the operative language of 75 Pa.C.S. § 1301(a) does not require that a vehicle be registered in this Commonwealth, but only that a vehicle must be registered. This argument is waived

by appellant's failure to include it in his post verdict motion and post verdict motion filed nunc pro tunc. *Commonwealth v. Duden*, 326 Pa.Super. 73, 473 A.2d 614 (1984). Whatever procedural irregularities may have occurred in providing appellant notice of right to appeal pursuant to Pa.R.Crim.P. 1123(c)(1) were remedied when the court permitted the filing of appellant's post verdict motion nunc pro tunc and ruled thereon.

In his second argument appellant contends that his vehicle is not required to be registered in Pennsylvania because it is a vehicle regularly engaged in interstate commerce. We have reviewed the applicable provisions of the Vehicle Code, 75 Pa.C.S. § 101 *et seq.*, and find no merit in appellant's position.

■ Section 1301(a) of the Vehicle Code as it existed at the time of the offenses provided that "No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered unless the vehicle is exempt from registration." 75 Pa.C.S. § 1301(a). Exceptions are found in the exemptions of sections 1302 and 1303. Thus, unless exempt, all vehicles driven upon a highway must be registered. A prerequisite of registration is the application for or issuance of a certificate of title for the vehicle, if a certificate of title is required by Chapter 11 of the Vehicle Code. 75 Pa.C.S. § 1301(c) (hereinafter in this opinion references to titling of vehicles shall be construed to include application for or issuance of a certificate of title). Chapter 11 provides that a certificate of title shall not be issued for a vehicle regularly engaged in the interstate transportation of property if a currently effective certificate of title has been issued by another state. 75 Pa.C.S. § 1102(6).

■ It is uncontested that appellant's vehicle was engaged in such interstate transportation. A certificate of title was issued in Ohio, where the truck was also registered. The Commonwealth concedes that the vehicle is thus exempt from Pennsylvania titling. However, the Commonwealth argues and we agree that the vehicle must nonetheless be registered in Pennsylvania.

Section 1301(c) establishes application for or issuance of a certificate of title as a prerequisite for registration *if* such a certificate of title is required by Chapter 11. Since a certificate of title is not required by Chapter 11 for appellant's vehicle then one is not required for his vehicle to be registered. This does not however mean that he is exempted from registration. Section 1301(a) still applies and it requires registration unless an exemption is applicable. Appellant does not show how his vehicle could even qualify for one of the statutorily provided exemptions set forth at 75 Pa.C.S. § 1302 and 1303. Thus he must still comply with the clear mandate of § 1301(a) and register his vehicle.

We are aware that § 1101(b) provides that:

The department shall not register or renew the registration of a vehicle unless a certificate of title has been issued by the department to the owner or an application for a certificate of title has been delivered by the owner to the department.

75 Pa.C.S. § 1101(b). If this were the only section to speak to the titling prerequisite it would suggest that since appellant's vehicle need not be titled in Pennsylvania it cannot be registered in Pennsylvania. However, as we have already seen § 1301(c) also speaks to the titling requirement and says that titling is a prerequisite to registration if a title is required by Chapter 11. In resolving whatever inconsistency exists between these two provisions we can be aided by the heading prefixed to the chapter, *see* 1 Pa.C.S. § 1924. We must remember that if clauses in the same statute are *irreconcilable, the clause last in order of date or position shall prevail, unless an exception not here applicable applies.* 1 Pa.C.S. § 1934. Chapter 13, of which 1301(c) is a subsection, comes under the heading "Registration of Vehicles", while Chapter 11, which contains § 1101(b), comes under the heading "Certificate of Title and Security Interests". What we seek to determine here is the registration requirement for appellant's vehicle and not the titling requirement. Thus, if there is a conflict, we see Chapter 13 as controlling on the registration issue. Additionally, § 1301(c), is later in order of date and position than

§ 1101(b), and should prevail if the sections are irreconcilable. Thus, whether or not a conflict exists between the above-discussed sections, appellant's vehicle must be registered in this Commonwealth.

In issue three appellant argues that the court imposed a fine based on facts not contained within the record. The vehicle with which we are here concerned is a truck tractor. Accordingly, the penalty upon conviction for a violation of the registration requirement is a fine of double the registration fee for the maximum weight at which the vehicle could have been registered in this Commonwealth. 75 Pa.C.S. § 1301(d). Trooper Young's testimony is that the vehicle was a 1973 Kenworth Truck Tractor with three axles. Under 75 Pa.C.S. § 1916 the maximum weight at which the truck tractor could have been registered was 79,001 to 80,000 pounds, resulting in a registration fee of $945. The court set the fine at $1,890, which is double the $945 fee, plus costs. We find no impropriety in this fine.

Judgment of sentence affirmed.