573 A.2d 216

Dorothy ELLIS,

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY (SEPTA), Appellee,**

**and**

**Harleysville Insurance Co., Appellant,**

**and**

**Keystone Insurance Co.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1989.

Decided April 27, 1990.

John T. Quinn, Donald B. Scace, Jr., Philadelphia, A. Richard Feldman, for amicus—The Pa. Financial Responsibility Assigned Claims Plan.

A. Richard Feldman, Philadelphia, for appellant.

Allen L. Rothenberg, Philadelphia, for Dorothy Ellis.

Steven M. Liero, John M. Elliott, Philadelphia, for S.E.P.T.A.

Robert C. Geller, Philadelphia, for Keystone Ins. Co.

Gary Hoicker, Philadelphia, for William Rice.

Paul T. Bemiller, West Chester, Steven M. Liero, Leslie G. Dias, Philadelphia, for S.E.P.T.A.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA and PAPADAKOS, JJ.

ZAPPALA, Justice.

The issue presented in this appeal is whether a Southeastern Pennsylvania Transportation Authority, (SEPTA) trolley that runs on tracks is a motor vehicle for purposes of the Financial Responsibility Law, 75 Pa.C. §§ 1701 et seq. We hold that it is not. The Commonwealth Court order reversing the order of the Philadelphia County Court of Common Pleas granting summary judgment to Appellant Harleysville Insurance Company (Harleysville), 116 Pa. Cmwlth. 299, 541 A.2d 843, is affirmed.

Dorothy Ellis was injured while riding as a passenger on a SEPTA trolley when the trolley was involved in an accident with two automobiles. At the time of the accident, Ellis was neither the owner of a motor vehicle nor a member of a household in which there was an insured motor vehicle. Ellis brought this action to recover first party benefits under the Financial Responsibility Law from Harleysville—the insurer of one of the automobiles. Harleysville joined the insurer of the other automobile, Key-

stone Insurance Company, and SEPTA as additional defendants.

SEPTA and Harleysville filed cross-motions for summary judgment. The common pleas court granted Harleysville's request for summary judgment, concluding that trolleys on tracks are "motor vehicles" within the purview of the Financial Responsibility Law. On appeal, the Commonwealth Court reversed.

Except for recreational vehicles not intended for highway use, motorcycles, or similar vehicles, an insurer issuing liability insurance policies "covering any motor vehicles of the type required to be registered" under the title of the provision must provide coverage for first party benefits. 75 Pa.C.S.A. § 1711. The dispute in this case is whether the SEPTA trolley, which was operated upon tracks, is a "motor vehicle of the type required to be registered."

The term "motor vehicle" is not defined under the provisions of the Financial Responsibility Law. "Vehicle" is defined. for purposes of Title 75 in Section 102 of the Vehicle Code, 75 Pa.C.S.A. § 102, as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, *except devices used exclusively upon rails or tracks.*" (Emphasis added.) Section 102 further defines "motor vehicle" as "[a] vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails."

Since the definition of "motor vehicle" encompasses every vehicle propelled by electric power obtained from overhead trolley wires but not operated upon rails, it necessarily excludes such trolleys that are operated upon rails. The Appellant contends that the Commonwealth Court erred in distinguishing between trackless trolleys and trolleys on tracks for purposes of the Financial Responsibility Law despite this definition of "motor vehicle" and argues for similar treatment of trolleys regardless of whether the vehicles are operated upon rails. We are not persuaded by Appellant's argument to disregard the legislative distinction

on the simple claim that it is unfair to treat passengers injured in accidents involving trackless trolleys differently than those injured in accidents involving trolleys on tracks.

The Appellant's argument was rejected by the Superior Court as well in *Adams v. Harleysville Insurance Co.*, 381 Pa.Super. 370, 553 A.2d 1014 (1989), in which it was also held that a trolley operated on tracks is not a motor vehicle for purposes of the Financial Responsibility Law. The Superior Court noted,

> Nor is the decision of the legislature to distinguish between a track trolley and a trackless trolley an anomaly. This Court, in *Rogers v. SEPTA*, supra [356 Pa.Super. 432, 514 A.2d 936 (1986)], addressed the considerable difference between the track trolley and the trackless trolley, noting that "apart from the power lines overhead, the trackless trolleys are virtually identical to SEPTA's conventional buses". The further thought occurs that this issue would not even have arisen had the inventor more aptly labeled the vehicle a "power line bus" instead of a "trackless trolley". A further essential distinction is the vast difference in the range of the two vehicles. The trackless trolley is confined in its course to urban areas and does not venture into the environs. The track trolley, however, is not so restricted, and although the word "trolley" triggers for most Americans the image of city streets, that vision overlooks the sleek, high speed trolleys which speed the commuter and the shopper through the countryside and into the city from its neighboring counties.
>
> Thus, the decision of the legislature to embrace the trackless trolley within its definition of motor vehicle, while excluding the track trolley, is decidedly reasonable and, in any event, so clear and certain as to render judicial interpretation unnecessary.

381 Pa.Super. at 376–377, 553 A.2d at 1017–1018 (footnote deleted.)

The Appellant's argument focuses on whether trolleys on tracks are more similar to vehicles that are required to be

registered than to those that are not. That inquiry is not dispositive of the issue, however. In enacting the Financial Responsibility Law, the Legislature imposed responsibility for first party benefits upon insurers issuing policies covering only *motor vehicles* of the type required to be registered. It did not impose such responsibility on all vehicles. Although the Legislature could have included trolleys operated on tracks within its definition of "motor vehicles", it specifically excluded those trolleys. We will not redefine "motor vehicle" to encompass what was intentionally excluded.

The order of the Commonwealth Court is affirmed.

McDERMOTT, J., did not participate in the consideration or decision of this matter.

LARSEN, J., concurs in the result.