616 A.2d 185
**COMMONWEALTH of Pennsylvania, DEPARTMENT of TRANSPORTATION, BUREAU of DRIVER LICENSING, Appellant,**

v.

**Walter C. LEAR, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 1992.

Decided Oct. 14, 1992.

140

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

S. Keene Mitchell, Jr. and Thomas S. Cometa, for appellee.

Before McGINLEY and FRIEDMAN, JJ., SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Luzerne County which sustained the appeal of Walter C. Lear (Lear) and reversed the suspension of his operating privilege. We reverse.

On April 30, 1991, Lear was operating his "off-the-road" motorcycle (commonly known as a dirt bike) on Nescopeck Township Road 379 near Wapwallopen when he collided with an automobile. The investigating Pennsylvania State Trooper issued Lear a citation for violating Section 1301 of the Vehicle Code [1] (Code), 75 Pa.C.S. § 1301, for driving upon the highway a vehicle which was not registered. Lear admitted that violation and paid fines and costs of $134.00.[2]

■ By official notice dated and mailed on September 2, 1991, the Department notified Lear that his operating privileges were scheduled to be suspended for a period of three months, effective October 7, 1991, pursuant to Section 1786(d) of the Code, 75 Pa.C.S. § 1786(d), as a result of his operation of a motor vehicle that was not covered by required financial responsibility. Lear appealed the Department's action to the Court of Common Pleas of Luzerne County which held a *de novo* hearing on the matter on November 19, 1991. The trial court thereafter issued an order dated December 2, 1991, whereby it sustained Lear's appeal and reversed the suspension of his operating privilege. The Department filed this appeal.[3]

The trial court concluded that the dirt bike was not a motor vehicle required to be registered and thus not subject to Section 1786(a) of the Code which provides:

*General rule.*—Every motor vehicle *of the type required to be registered under this title* which is operated or currently registered shall be covered by financial responsibility.

75 Pa.C.S. § 1786(a). (Emphasis added.)

1. 75 Pa.C.S. §§ 101–9910.
2. Lear's payment of the fines and costs constitutes a plea of guilty to the charged offense. 75 Pa.C.S. § 6501(b).
3. Our scope of review in driver's license suspension cases is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether there was a manifest abuse of discretion. *Wheatley v. Department of Transportation,* 104 Pa.Commonwealth Ct. 171, 521 A.2d 507 (1987).

The Department argues that the trial court erred by concluding that Lear's dirt bike was not required to be registered, thus rendering Section 1786(a) inapplicable.

Section 1301(a) of the Code, for which Lear was fined, provides:

> *Driving unregistered vehicle prohibited.*—No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth *unless the vehicle is exempt from registration.*

75 Pa.C.S. § 1301(a). (Emphasis added.)

Dirt bikes are not specifically exempted under Section 1302 and 1303 of the Code, 75 Pa.C.S. §§ 1302, 1303.

In its brief, the Department concedes that if Lear had operated his dirt bike within its intended off-the-road use, it would have been exempt from registration and financial responsibility requirements. (Appellant's Brief, pp. 10–11, 13.) The Department maintains that because Lear operated his dirt bike on the highway, the dirt bike was of a type required to be registered and upon which financial responsibility was required to be maintained. The essence of the Department's argument is that once Lear began operating his dirt bike on a highway, it became subject to all the requirements that the Code places upon motor vehicles that are operated on the Commonwealth's highways.

The issue presented by this appeal, i.e. whether a motor vehicle not normally required to be registered under the title suddenly becomes "of the type of vehicle required to be registered" by its operation upon a highway thus subjecting it to the financial responsibility requirements of Section 1786 of the Code, is one of first impression for an appellate court in this Commonwealth. Accordingly, the resolution of this case revolves around the construction and interpretation of several provisions of the Code, namely Sections 1301 and 1786.

Where the words of a statute are clear, a reviewing court is not free to disregard the language of the statute in order to pursue legislative intent or the spirit of the statute.

*Department of Transportation, Bureau of Driver Licensing v. Empfield,* 526 Pa. 220, 585 A.2d 442 (1991). Where the language of a statute is clear, we must read the statute's provisions in accordance with their plain meaning and common usage. 1 Pa.C.S. § 1903(a); *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1988).

■ Section 1301(a) of the Code prohibits the driving or moving of an unregistered vehicle upon any highway unless such vehicle is exempt from registration. 75 Pa.C.S. § 1301(a). Section 1301(d) of the Code provides that any person violating the provisions of subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine. 75 Pa.C.S. § 1301(d). Lear argues that Section 1301(d) simply penalizes the illegal operation of an unregistered vehicle on the highway and contains no affirmative provision that would require the registration of a vehicle which is in the ordinary course of its operation not intended for highway use. Section 1301(a) of the Code does not specify that any unregistered vehicle by its operation upon a highway becomes a vehicle required to be registered.

The Department relies on the Superior Court's decision in *Commonwealth v. Barrett,* 375 Pa.Superior Ct. 466, 544 A.2d 1014 (1988), for the proposition that Section 1301 requires all motor vehicles which are operated on the Commonwealth's highways be registered unless those motor vehicles are specifically exempted from registration under Sections 1302 or 1303. In *Barrett,* the Superior Court held that a vehicle owner whose vehicle was exempt from the titling requirements was still required to register his motor vehicle in order to operate that motor vehicle on the highways. The Department argues that the Superior Court construed Section 1301 as mandating that a motor vehicle operated on any Commonwealth highway be registered unless an exemption is applicable. We agree.

■ It is undisputed that Lear operated his unregistered dirt bike on a Commonwealth highway and his dirt bike was not specifically exempt under either Section 1302 or 1303.

Lear instead argues that his dirt bike is not a "vehicle" for purposes of the Code and thus not subject to the registration requirements of Section 1301. "Vehicle" is defined in the Code as follows:

Every device in, upon or by which any person or property is or may be transported or drawn *upon a highway,* except devices used exclusively upon rails or tracks.

75 Pa.C.S. § 102. (Emphasis added.)

The Code does not define the term "device"; however, it is clear that Lear's dirt bike was used to transport him upon a highway and is not used exclusively upon rails or tracks.

■ Lear also argues that his dirt bike is not a "motor vehicle" for purposes of the Code and thus not subject to the financial responsibility requirements of Section 1786. "Motor vehicle" is defined in the Code as follows:

A vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails.

75 Pa.C.S. § 102.

Since Lear's dirt bike is a self-propelled vehicle it constitutes a motor vehicle under the Code. Accordingly, even though Lear's dirt bike may not have been a "vehicle" or "motor vehicle" while it was operated off-the-road, once it was operated upon the highway it became a vehicle subject to the registration requirements of Section 1301 and consequently a motor vehicle subject to the financial responsibility requirements of Section 1786.

■ The trial court determined that the dirt bike could not have been registered as a motor vehicle because it did not contain the minimum equipment required for registration.[4] The fact that the dirt bike lacked such safety equipment as a headlight, taillights, a horn and turn signals does not excuse

4. · *See* 75 Pa.C.S. § 4303 governing general lighting requirements and 75 Pa.C.S. § 4535 governing audible warning devices. *See* also 75 Pa.C.S. §§ 4702 and 4703 governing operation of vehicles without certificate of inspection.

the dirt bike from the requirement that it be registered. *See Commonwealth v. Eliason*, 353 Pa.Superior Ct. 321, 509 A.2d 1296 (1986), *appeal denied*, 517 Pa. 592, 535 A.2d 81 (1986) (the fact that the defendant's three-wheeled vehicle could not be registered because it lacked equipment needed to comply with registration laws did not defeat the defendant's conviction for driving an unregistered motor vehicle pursuant to Section 1301 of the Code). We note that the Department could refuse registration of the dirt bike pursuant to Section 1306(5) of the Code [5] until such safety requirements were satisfied. However, the fact that the dirt bike is unregisterable in its present condition is of no consequence since, by operation of the dirt bike upon a highway, it became a "motor vehicle of the type required to be registered" and thus subject to Section 1786(a). Accordingly, the Department did not err by determining that Lear operated his dirt bike without the required financial responsibility and consequently suspending his operating privilege pursuant to Section 1786(d).

## ORDER

AND NOW, this 14th day of October, 1992, the order of the Court of Common Pleas of Luzerne County, dated December 2, 1991, is reversed and the suspension of Walter C. Lear's operating privilege is reinstated.

---

5. The Department shall refuse registration or renewal or transfer of registration when "[t]he vehicle is not constructed or equipped as required by this title." 75 Pa.C.S. § 1306(5).