Raymond C. **LITZELMAN**, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PENNSYLVANIA DEPARTMENT of TRANSPORTATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1996.

Decided March 21, 1997.

---

Warren R. Baldys, Williamsport, for petitioner.

Matthew F. Golden, Williamsport, for respondent.

Before SMITH and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Raymond C. Litzelman (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ) granting a petition to review compensation benefits filed by Claimant's employer, the Pennsylvania Department of Transportation. The Department sought to establish a right of subrogation against Claimant's third-party recovery in a civil products liability action resulting from injuries he sustained while operating heavy construction equipment classified by the Board as "special mobile equipment" rather than a "motor vehicle" as defined under Section 102 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 102. The question presented by Claimant is whether the road roller he operated at the time of his work-related injury is a motor vehicle within the meaning of Section 1720 of the Motor Vehicle Financial Responsibility Law (MVFRL), *as amended*, 75 Pa.C.S. § 1720,[1] for purposes of precluding Employer from asserting a subrogation lien against Claimant's tort recovery.

Claimant and Employer stipulated to the facts. Claimant was operating a 1962 Huber Model 62 Highway Roller, heavy construction equipment, on a state road in Tioga County on July 13, 1988. The road roller is powered by an internal combustion engine. The operator's station, located on the top of the roller, consists of a single seat with no seat belts or operator restraints. The controls consist of a steering stick, brakes with two pedals and a dual lever clutch linkage. A connecting joint on the clutch linkage failed, causing the road roller to freewheel backwards down a hill. Claimant was operating the machine from a standing position, and he was unable to apply the brakes. He was forced to steer the road roller into a bank in order to stop it, and he was thrown from the road roller across the roadway and sustained physical injuries.

Thereafter, Claimant received compensation benefits pursuant to a notice of compensation payable. Claimant also filed a products liability action against the manufacturer of the road roller, which was settled for $60,457.45. Before that settlement, Employer filed its petition to review compensation benefits, seeking to establish its right of subrogation against the third-party recovery. The WCJ granted Employer's petition, and

---

1. The Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1799.7, comprises Chapter 17 of the Vehicle Code, 75 Pa.C.S. §§ 101–9805.

Claimant appealed to the Board, which remanded the matter for a determination of the subrogation amount. On remand, the parties stipulated to the amount of net recovery and the amount of Employer's subrogation lien for wage loss and medical benefits of $103,956.37. The WCJ again found that Employer was entitled to subrogation, and the Board affirmed.[2]

I

Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671, provides in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer. . . .

At the time of Claimant's work-related injury, Section 1720 of the MVFRL provided that:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits. . . .

The Act of July 2, 1993, P.L. 190 (Act 44), amended the Workers' Compensation Act and also, in Section 25(b), repealed the provisions of Section 1720 of the MVFRL insofar as they relate to workers' compensation payments or other benefits under the Workers' Compensation Act. This Court, however, has held that these repeals may not be applied retroactively. *Byard F. Brogan, Inc. v. Workmen's Compensation Appeal Board*

*(Morrissey),* 161 Pa.Cmwlth.453, 637 A.2d 689 (1994).

The issue before this Court is whether the road roller is a motor vehicle for purposes of the former version of Section 1720 of the MVFRL, thereby precluding Employer from successfully asserting its subrogation claim. Claimant maintains that the road roller is a motor vehicle and argues that special mobile equipment, as defined by Section 102 of the Vehicle Code, is encompassed within Section 102 definitions for vehicle and motor vehicle. DOT, however, maintains that the legislature would not have created a separate definition for special mobile equipment and included road rollers within this definition had it intended for road rollers to fall within the definition for vehicle and motor vehicle.

A motor vehicle is not defined by the MVFRL.[3] Section 102 of the Vehicle Code defines a motor vehicle as "[a] vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." It also defines a vehicle as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." In order for a device to be considered a motor vehicle under the Vehicle Code, the device must fit within the definition for a vehicle. *Gallo v. J.C. Penney Casualty Ins. Co.,* 328 Pa. Superior Ct. 267, 476 A.2d 1322 (1984).

The court in *Gallo* concluded that a snowmobile is both a vehicle and a motor vehicle under the former Pennsylvania No-fault Motor Vehicle Insurance Act.[4] The court stated that snowmobiles qualify as vehicles because they are devices that may be transported on Commonwealth roads under limited circum-

**2.** The scope of this Court's review of the Board's order is to determine whether the necessary findings of fact are supported by substantial evidence in the record and whether there was an error of law or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

**3.** When interpreting statutory language, courts must ascertain and effectuate the legislative in-

tent. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a); *Markle v. Workmen's Compensation Appeal Board,* 541 Pa. 148, 661 A.2d 1355 (1995).

**4.** Act of July 19, 1974, P.L. 489, *formerly* 40 P.S. §§ 1009.101–1009.701, repealed by Section 8(a) of the Act of February 12, 1984, P.L. 26.

stances. The court further stated that a snowmobile is also a motor vehicle because it is a vehicle, it is self-propelled, it does not receive its power from overhead wires, and it does not operate exclusively on rails or tracks. Similarly, the court in *Callahan v. Federal Kemper Ins. Co.*, 390 Pa. Superior Ct. 201, 568 A.2d 264 (1989), held that when a tractor and trailer operate as one unit, that unit is a device that transports persons or property on the highway as well as a self-propelled vehicle that does not receive its power from overhead wires or operate exclusively on rails or tracks.

Other cases have examined devices to determine their proper classification. In *Department of Transportation, Bureau of Driver Licensing v. Lear*, 151 Pa.Cmwlth. 138, 616 A.2d 185 (1992), this Court concluded that an unregistered dirt bike operated on a Commonwealth highway is a self-propelled vehicle used to transport its operator. In *Pelter v. Department of Transportation, Bureau of Driver Licensing*, 663 A.2d 844 (Pa. Cmwlth.1995), the Court stated that an all-terrain vehicle falls within the definition of motor vehicle because it is a self-propelled vehicle, it does not receive its power from overhead wires and it is not operated on rails. In contrast, in *Commonwealth v. Malason*, 2 Pa. D. & C.3d 35 (1977), the trial court held that a six-axle, self-propelled crane was not a motor vehicle as defined by the Vehicle Code because it was not designed to transport payload. In *Ellis v. Southeastern Pennsylvania Transportation Authority*, 524 Pa. 398, 573 A.2d 216 (1990), the Supreme Court held that a trolley that runs on tracks is excluded from the definitions for vehicle and motor vehicle because it transports persons exclusively on tracks.

## II

Section 102 of the Vehicle Code defines special mobile equipment in pertinent part as:

> Vehicles not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway, including but not limited to: ditch digging apparatus, well boring apparatus, earth moving and road con-struction and maintenance machinery, such as asphalt spreaders, bituminous mixers, bucket loaders, snowplows, ditchers, graders, finishing machines, *road rollers*.... The term does not include house trailers; dump trucks; truck-mounted transit mixers, cranes or shovels; or other vehicles designed for the transportation of persons or property to which machinery has been attached. (Emphasis added.)

The Vehicle Code exempts special mobile equipment under certain stated circumstances from requirements related to certificates of title, lighting, braking systems, the display of reflective emblems on slow-moving vehicles and inspection. Sections 1102, 4303, 4502, 4529, 4703, all *as amended* 75 Pa.C.S. §§ 1102, 4303, 4502, 4529 and 4703.

The WCJ applied the definition for special mobile equipment and concluded that the road roller operated by Claimant is used primarily as a piece of construction equipment and only incidentally to transport persons or property from place to place. He further concluded that the fact that Claimant was injured while constructing the road with this piece of equipment did not transform it into a motor vehicle for purposes of the Vehicle Code.

The United States District Court for the Eastern District of Pennsylvania noted in *Bertles v. Guest*, 477 F.Supp. 179, 182 (E.D.Pa.1979), that a 235 Caterpillar excavator was not "a device in, upon or by which any person or property may be transported or drawn upon a public highway." The court interpreted the plain meaning of the definition for special mobile equipment in Section 102 of the Vehicle Code and concluded that the excavator was not a vehicle as defined by that Section, and, as a result, the equipment could not be classified as a motor vehicle. The court recognized that the legislature created a separate category for special mobile equipment under which the excavator fell.

A New Jersey statute contains a definition for "nonconventional type motor vehicles" that is substantially similar to the Vehicle Code's definition for special mobile equipment. Section 39:10–2 of the Motor Vehicles and Traffic Regulation statute, N.J.S.

§ 39:10–2 (1996), defines nonconventional type motor vehicles as "every vehicle not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway.…" The New Jersey statute includes road rollers within its definition for nonconventional type motor vehicles. Section 39:10–2 further defines any motor vehicle, every motor vehicle or similar terms as "both new and used motor vehicles, except a 'nonconventional type motor vehicle.'"

In *Ferrante Equipment Co. v. Foley Machinery Co.*, 49 N.J. 432, 231 A.2d 208 (1967), the New Jersey Supreme Court held that a bulldozer was not a motor vehicle. The court stated: "We are convinced that the Legislature meant to include by the term 'motor vehicle' only those self-propelled vehicles which are used on a highway primarily for purposes of transporting persons and property from place to place, e.g., automobiles, trucks, and buses.… [Because] a bulldozer is used primarily for excavation and building purposes and only incidentally to transport persons or property from place to place, it should not be included in such a definition." *Ferrante*, 49 N.J. at 438, 231 A.2d at 211.

Thus a plain reading and construction of Section 102 of the Vehicle Code requires the Court to conclude that the road roller operated by Claimant is not a motor vehicle for purposes of Section 1720 of the MVFRL. The road roller is not a device upon which any person or property may be transported or drawn upon a highway; it consequently does not fall within the Section 102 definition for vehicle. Employer, therefore, is not precluded from asserting its subrogation lien pursuant to Section 319 of the Workers' Compensation Act against Claimant's third-party tort recovery. Accordingly, this Court affirms the order of the Board.

### ORDER

AND NOW, this 21st day of March, 1997, the order of the Workmen's Compensation Board is affirmed.