**Thomas RISSI, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TONY DePAUL & SON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1998.

Decided Oct. 8, 1998.

---

Dale G. Larrimore, Philadelphia, for petitioner.

Martin S. Coleman, Philadelphia, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

FLAHERTY, Judge.

Thomas Rissi (Claimant) petitions for review from an order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of the Worker's Compensation Judge (WCJ) and granted the petition to enforce subrogation filed by Tony DePaul and Son (Employer). We quash the appeal as interlocutory.

From 1984 until April, 1987, Claimant worked for Employer who engaged in road reconstruction and resurfacing. Claimant operated an Athey Mobile Street Sweeper which was manufactured by Athey Products Corporation. On April 3, 1987 Claimant sustained a pulmonary injury caused by exposure to certain airborne toxic elements he encountered while operating the sweeper. Employer thereafter issued a notice of compensation payable.

In January, 1990, Employer filed a termination petition. Claimant filed an answer denying Employer's allegations that all of his disability had ceased and that he was able to return to work.

While the termination petition was pending, Claimant litigated a third party action against the manufacturer of the sweeper, Athey Products Corporation. The litigation resulted in a verdict and recovery of $690,-857.15. Following the verdict, Claimant and Employer entered into a stipulation and third party settlement agreement with regard to the subrogation alleged by Employer. Pursuant to the agreement, $97,696.07 was placed into escrow pending a determination of Employer's subrogation rights.

On April 20, 1994, Employer filed a petition to review compensation requesting the WCJ to enforce subrogation under Section 319 of the Pennsylvania Workers' Compensation Act (Act).[1] Employer alleged that Claimant received $690,857.15 as a result of Claimant's third-party action against the manufacturer of the street sweeper and that Employer was entitled to subrogation rights. Specifically, Employer maintained that the street sweeper was not a "motor vehicle" for purposes of the Motor Vehicle Financial Responsibility Law (MVFRL)[2] and therefore subrogation was not prohibited.[3]

At the hearings before the WCJ, the parties submitted a "1996 stipulation of facts"

---

1. Act of December 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671.

2. The MVFRL, 75 Pa.C.S. § § 1701–1799.7, comprises Chapter 17 of the Vehicle Code, 75 Pa.C.S. § § 101–9805.

3. At the time of Claimant's work-related injury, Section 1720 of the MVFRL provided that:
   In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits ....

"The Act of July 2, 1993, P.L. 190 (Act 44) amended the Workers' Compensation Act and also, in Section 25(b), repealed the provisions of Section 1720 of the MVFRL insofar as they relate to workers' compensation payments or other benefits under the Workers' Compensation Act." *Litzelman v. Workmen's Compensation Appeal Board (Department of Transportation),* 690 A.2d 1331 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 549 Pa. 730, 702 A.2d 1062 (1997).

and a "stipulation in lieu of factual testimony." Additionally, Claimant testified and both parties introduced medical testimony. In his decision, the WCJ adopted and incorporated the stipulations and denied Employer's termination petition as well as Employer's request for subrogation.

As to the termination, the WCJ found that the stipulations provided "that Claimant is permanently totally disabled from the pulmonary injury" and that the "[e]valuation of the termination petition is mooted by adoption of the stipulation agreements." (WCJ's F.F. Nos. 3,6.) Concerning the review petition, the WCJ determined that the sweeper constituted a motor vehicle and that in accordance with Section 1720, Employer had no subrogation rights.

On appeal, in an order dated January 13, 1998, the Board determined that Employer did not stipulate that Claimant was or remained totally disabled. As such, as to the termination petition, the Board vacated the order and remanded it to the WCJ for the purpose of deciding the termination petition on the merits. As to the subrogation issue, the Board determined that the sweeper was special mobile equipment for purposes of Section 1720 of the MVFRL and that subrogation was therefore available to the Employer. This appeal followed.[4]

Initially, we will address Employer's argument that the Board's January 13, 1998 order is not a final order and therefore not subject to review by this court.

A final order is defined under Pa. R.A.P. 341(b) as an order that:

(1) disposes of all claims and of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subdivision (c) of this rule [permitting entry of a final order as to less than all of the claims or parties upon the express determination by a court or governmental unit that an immediate appeal

would facilitate resolution of the entire case].

■ In this case, the order of the Board reversed the WCJ's determination that Employer is not entitled to subrogation rights. As to the termination issue, the Board vacated the WCJ's order and remanded to the WCJ for a determination of the issue on the merits. Although Claimant "recognizes that the remand order on the Petition for Termination is not appealable", Claimant maintains that "the remainder of the order is now ripe for adjudication." (Claimant's brief at 10.) However, the Board order does not dispose of all parties or all claims as the claim concerning the termination petition is on remand to the WCJ. Neither is the order expressly defined by statute as a final order, nor did the Board determine that an immediate appeal to this court would facilitate resolution of the entire case. As such, in accordance with Pa. R.A.P. 341, the order at issue is not final.

■ Moreover, Pa. R.A.P. 311(f) which permits an appeal from an interlocutory order is also not applicable. Pa. R.A.P. 311(f) provides that an appeal may be taken as of right from an order of a "government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Because the WCJ in this case must decide the termination petition on the merits, the WCJ will be required to exercise discretion.

Finally, although the petition for termination and the petition to review to enforce subrogation were not filed simultaneously nor were they formally consolidated, the petitions at all times were treated as one. Namely, in addition to Claimant's testimony and the testimony of medical professionals, the parties submitted the "1996 stipulation of facts" and "stipulation in lieu of factual testimony" which evidence concerned both the subrogation issue and the termination issue. Moreover, both the WCJ and Board issued a

---

4. Our review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Manolovich v. Workmen's Compensation Appeal Board (Kay Jewelers)*, 694 A.2d 405 (Pa.Cmwlth.1997).

single order and opinion which covered both petitions.

Accordingly, the appeal in this case is quashed as interlocutory.

## ORDER

NOW, October 8, 1998, the order of the Workers' Compensation Appeal Board at No. A97–0086, dated January 13, 1998, is quashed as interlocutory.

