Richard A. YARMEY and Jeanne C. Yarmey, his wife, Appellants,

v.

ZONING HEARING BOARD OF FORTY FORT BOROUGH and Margaret Ann Moreck.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1999.
Decided Jan. 21, 2000.

William L. Higgs, Mountain Top, for appellants.

Raymond A. Hassey, Wilkes–Barre, for appellee, Margaret Ann Moreck.

Before PELLEGRINI, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Richard A. Yarmey and Jeanne C. Yarmey, his wife, (Yarmeys) appeal from an order of the Court of Common Pleas of Luzerne County (trial court) which ordered them to pay all costs, expenses and attorney's fees in connection with their appeal from a prior order of the trial court dismissing their land use appeal for refusal to post a bond.[1] We now affirm in part and vacate and remand in part.

On August 15, 1996, Margaret Ann Moreck (Intervenor) entered into an agreement of sale for the purchase of property located at 1702 Wyoming Avenue in the Borough of Forty Fort (subject property). Intervenor planned to use the subject property as an annex to a nursery and primary school which she owned. The aforementioned agreement of sale was conditioned upon Intervenor obtaining all governmental approvals for the planned annex, including occupancy and zoning permits.

Subsequently, on September 11, 1996, the Department of Labor and Industry issued an occupancy permit for the planned annex on the subject property to Intervenor. Thereafter, Intervenor presented the occupancy permit to the Borough of Forty Fort Zoning Officer (zoning officer) and he issued a zoning permit to

her. The zoning permit allowed Intervenor to use the subject property for educational purposes. Accordingly, following settlement for the purchase of the subject property on September 20, 1996, Intervenor undertook repairs and improvements so that the subject property could be used as a school.

Thereafter, on December 16, 1996, the Yarmeys filed an appeal to the Zoning Hearing Board of the Borough of Forty Fort (board), objecting to the issuance of the zoning permit to Intervenor. After hearings on the matter, the board denied the Yarmeys' appeal. In so doing, the board held that the appeal was not timely. Thereafter, the Yarmeys appealed the board's determination to the trial court.

Subsequently, on October 14, 1997, Intervenor filed a petition seeking an order requiring the Yarmeys to post a bond (petition), pursuant to Section 1003–A(d) of the Pennsylvania Municipalities Planning Code (Code).[2] Thereafter, on November 14, 1997, the trial court granted Intervenor's petition, holding that the Yarmeys' appeal was frivolous. The trial court ordered that the Yarmeys post a bond or suffer dismissal of their appeal. The Yarmeys failed to post a bond as ordered and on November 25, 1997, the trial court dismissed their appeal.

As previously noted, the Yarmeys' appealed the trial court's aforementioned dismissal of their appeal to this Court. Sub-

---

[1] We note that this prior order by the trial court dismissing the Yarmeys' land use appeal for failure to post bond was affirmed by order of this Court. *Yarmey v. Zoning Hearing Board of Forty Fort Borough*, 724 A.2d 429 (No. 3521 C.D.1997, filed October 7, 1998).

[2] Act of July 31, 1968, P.L. 805, *as amended, added by*, Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A. This Section provides the following in relevant part:

(d) The filing of an appeal in court under this section shall not stay the action appealed from, but the appellants may petition the court having jurisdiction of land use appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, wheth-

er or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition for posting a bond is presented, the court shall hold a hearing to determine if the filing of the appeal is frivolous.... If an appeal is taken by a respondent to the petition for posting a bond from an order of the court dismissing a land use appeal for refusal to post a bond, such responding party, upon motion of petitioner and, after hearing in the court having jurisdiction of land use appeals, shall be liable for all reasonable costs, expenses and attorney fees incurred by petitioner.

sequently, on October 7, 1998, this Court affirmed the trial court's determination. *Yarmey v. Zoning Hearing Board of Forty Fort Borough*, 724 A.2d 429 (No. 3521 C.D.1997, filed October 7, 1998).

Thereafter, on November 12, 1998, Intervenor filed a petition to recover costs, expenses and attorney's fees (petition for costs) with the trial court. Subsequently, on January 20, 1999, the parties entered into a stipulation which provided the following in relevant part:

> 1. The parties agree and stipulate that the attorneys fees and costs incurred by Intervenor, as evidenced by the Exhibits to Intervenor's [petition for costs] Pursuant to Section 1003–A(d) of the [Code], 53 P.S. Sect. 1003–A(d), shall be deemed ... to be reasonable and necessary, including without limitation the hourly rates charged by counsel for Intervenor and the time expended by said counsel on behalf of Intervenor in connection with this case.

> 2. The parties further agree that the only issues to be decided by the [trial court] at this hearing is whether attorneys fees and costs should properly be awarded in this case, or whether [Intervenor] should not be entitled to such an award.

(Stipulation of Counsel dated January 20, 1999).

On June 8, 1999, after a hearing on Intervenor's petition for costs, the trial court ordered the Yarmeys to pay all costs, expenses and attorney's fees in the amount of $13,189.50, in connection with their appeal of the board's decision. The instant appeal to this Court by the Yarmeys resulted.

█ On appeal to this Court,[3] the Yarmeys assert that the trial court erred when it ordered them to pay Intervenor all attorney's fees, costs and expenses in connection with their appeal from a prior order of the trial court dismissing their land use appeal for refusal to post a bond. Specifically, the Yarmeys argue that no costs, expenses or attorney's fees should have been awarded pursuant to Section 1003–A(d) of the Code, as the language of the Section is permissive rather than mandatory.

█ This assertion is without merit. The law is well-settled that where statutory language is clear, a reviewing court may not disregard such language in order to pursue the legislative intent of the statute. *Department of Transportation, Bureau of Driver Licensing v. Lear*, 151 Pa.Cmwlth. 138, 616 A.2d 185 (1992). Further, where the language of a statute is clear, this Court must read the statute's provisions in accordance with their plain meaning and common usage. *Id.*

█ Here, we must examine Section 1003–A(d) of the Code as it pertains to the award of costs, expenses and attorney's fees. This Section provides the following in relevant part:

> If an appeal is taken by a respondent to the petition for posting a bond from an order of the court dismissing a land use appeal for refusal to post a bond, such responding party, upon motion of petitioner and, after hearing in the court having jurisdiction of land use appeals, *shall be liable* for all reasonable costs, expenses and attorney fees incurred by petitioner. (Emphasis added.)

The language of Section 1003–A(d) of the Code is clear and unequivocal. By using the words "shall be liable," this Section of the Code *mandates* that if an appeal is taken from an order directing that a party post a bond from an order of court dismissing a land use appeal and such bond is not posted, that party shall be liable for all reasonable costs, expenses and attorney fees incurred by the petitioner. Thus, it appears that the trial court committed no error when it ordered the Yarmeys to pay

**3.** Our standard of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion, committed an error of law or whether constitutional rights were violated. *Azzarrelli v. City of Scranton*, 655 A.2d 648 (Pa.Cmwlth. 1995).

Intervenor costs, expenses and attorney's fees pursuant to Section 1003–A(d) of the Code.

Next, the Yarmeys contend that the trial court improperly determined the amount of costs, expenses and attorney's fees due to be $13,189.50. Specifically, the Yarmeys assert that costs, attorney's fees and expenses awarded under this Section should not include amounts incurred prior to the trial court dismissing the appeal.

 We agree. Section 1003–A(d) of the Code was drafted such that if the party whose appeal has been found by the trial court to be frivolous appeals the determination further and loses that appeal, the party will be liable for the costs, expenses and attorney's fees incurred by its opponent. *See* Section 1003–A(d) of the Code. We conclude that under such circumstances, *only* the costs, expenses and attorney's fees incurred *from the time that the trial court dismisses a party's appeal* may be awarded to the defending party, rather than all costs incurred during the course of the litigation. Because it appears that the trial court's calculation included all costs associated with the litigation from its inception, we conclude that the trial court erred when it determined the amount due to be $13,189.50. (R.R. at 8–17).

Accordingly, the order of the trial court, insofar as it concluded that costs, expenses and attorney's fees should be awarded pursuant to Section 1003–A(d) of the Code, is affirmed. However, that portion of the trial court's opinion awarding $13,189.50 is vacated. This matter is remanded to the trial court for the calculation of costs, attorney's fees and expenses due and owing from the date the trial court dismissed the Yarmey's appeal.

## *O R D E R*

AND NOW, this 21 st day of February, 2000, the order of the Court of Common Pleas of Luzerne County (trial court) dated June 8, 1999, awarding costs, expenses and attorney's fees is AFFIRMED. That portion of the trial court order awarding $13,189.50 is VACATED and this matter is REMANDED to the trial court for the calculation of costs, attorney's fees and expenses due and owing from the date the trial court dismissed the appeal of Richard A. Yarmey and Jeanne C. Yarmey.

Jurisdiction relinquished.